409 So.2d 1178 (1982)
In re the ADOPTION OF Bridgett Danielle BRAITHWAITE,
John R. POMEROY, Jr., Appellant,
v.
Ronald Charles BRAITHWAITE, Appellee.
No. 81-848.
District Court of Appeal of Florida, Fifth District.
February 17, 1982.
*1179 Blaise Picchi, of Blaise Picchi, P.A., Fort Lauderdale, for appellant.
William O. Boyd, Mount Dora, for appellee.
SHARP, Judge.
Pomeroy appeals from a judgment approving the adoption of his child by a step-parent, and severing his parental relationship with her. We reverse and remand for the reasons stated in this opinion.
The severance of a parent-child relationship is an extreme and harsh judicial act, and it should not be done unless the trial judge is convinced[1] that the statutory basis for this remedy has been clearly established.[2] The applicable statute provides the only grounds for an adoption in this context:
The court may excuse the consent of the following individuals to an adoption:
(1) A parent who has deserted a child without affording means of identification or who has abandoned a child;[3]
In this case the only possible statutory basis for granting an adoption without Pomeroy's consent is abandonment because there was no evidence of desertion. The trial court here merely found the adoption was in "the best interest of the child" and that the stepparent was a "fit and proper person to adopt the minor child."
Our review of the record shows that the facts tending to show abandonment are in conflict. Although the contacts between *1180 Pomeroy and his child were infrequent during the two years prior to filing the petition, this could have been largely caused by the nature of the father's job (a worker on an off-shore oil rig), the long distances between the parent and child (Texas  Florida), adverse economic circumstances experienced by the father, and a conscious effort on the part of the custodial parent to extinguish the relationship between the child and her natural father. She returned his Christmas presents, did not allow a requested summer visitation, and did not keep Pomeroy informed of the child's current address.[4]
As an appellate court we did not hear the testimony, and we cannot resolve the conflicts in the record, nor determine credibility of witnesses. Therefore, we reverse the judgment and remand this cause to the trial court for entry of findings of fact and conclusions of law as to whether this petition should be granted. Because of the lapse of time between the trial (May 4, 1981) and this court's opinion, the trial court may, in its discretion, take additional testimony on the relevant issues.
REVERSED AND REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Roy v. Holmes, 111 So.2d 468 (Fla. 2d DCA 1959).
[2] The relationship between a parent and child is also constitutionally protected. Quilloin v. Walcott, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978); Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).
[3] § 63.072(1), Fla. Stat. (1979); see Solomon v. McLucas, 382 So.2d 339 (Fla. 2d DCA 1980).
[4] The custodial parent of a child also owes an obligation to the non-custodial parent, to encourage and nurture the parent-child relationship. It is often only too easy for the custodial parent to undermine and starve the non-custodial parent's contacts and relationships with the child, particularly where the parties are separated by long distance. There is some suggestion in the record that this (in part) occurred here.