425 So.2d 204 (1983)
Charlie J. CARTEE, Appellant,
v.
Jeanette CARSWELL, Appellee.
No. 82-127.
District Court of Appeal of Florida, Fifth District.
January 19, 1983.
*205 Nancy Y. Selfridge of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellant.
Jim Smith, Atty. Gen., and Bruce Barkett, Asst. Atty. Gen., Tallahassee, for appellee.
WEINBERG, RICHARD G., Associate Judge.
Appellant, putative father of a child born November 21, 1967, was declared the natural father in a paternity proceeding initiated in 1981 by the natural mother (appellant's ex-wife). On December 30, 1981, the trial court entered its final judgment, confirming the paternity and ordering child support. Arguing res judicata, laches, and sufficiency of the evidence, appellant contends the trial court erred in declaring him to be the father of the child, it following that there can be no liability for child support. We affirm.
The mother and father were lawfully married February 14, 1967, and subsequently divorced by the circuit court, Brevard County, Florida, on October 4, 1967, prior to the birth of the child. The divorce complaint initially filed by the husband did not raise the issue of paternity of the child, simply alleging there had been no children born as issue of the marriage. However, the wife's answer, while admitting no children had been born of the marriage, alleged appellant was the father of the unborn child she was carrying at the time. She additionally counterclaimed for divorce without addressing the paternity issue again. The divorce proceeded on the wife's counterclaim without adjudication of paternity concerning the forthcoming birth of her child.
In order to apply the doctrine of res judicata, the following points must have been raised before the tribunal:
(a) Identity of the matter sued upon;
(b) Identity of the cause of action;
(c) Identity of the parties; and
(d) Identity of the quality or capacity of the person for or against whom any claim is made.
See, e.g., Donahue v. Davis, 68 So.2d 163 (Fla. 1953); Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982); Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981). Here, the divorce action in 1967 did not identify and litigate the key issue of alleged paternity. Therefore, the matter was not foreclosed by the divorce judgment. Appellant's reliance on Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981), is misplaced. In Johnson, child paternity was resolved by the dissolution judgment and *206 the father was precluded from relitigating the same issue at a later time.
In arguing the equitable defense of laches, rejected by the trial court, appellant failed to demonstrate those exceptional circumstances that would bar the child support claim arising out of paternity. Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979), succinctly addresses the question:
A number of cases recognize that claims for child support arrearages may be defeated by laches, but rarely have the courts found the exceptional circumstances necessary to justify the application of that doctrine. In all events the welfare of the child is paramount and in the absence of extraordinary facts or strongly compelling circumstances, the action or inaction of a parent will not give rise to a defense of laches barring enforcement of child support arrearage.
Id. at 801.
In the instant case the trial court correctly applied legal principles to protect the paramount interest of the child and no abuse of discretion was shown.
Appellant further failed to overcome the presumption of legitimacy by clear and convincing evidence. Appellant concedes the child was conceived during the legal marriage of the parties. He disputes only his fathership. This factual issue was resolved against appellant and such finding will not be disturbed, absent compelling evidence to the contrary. Blitch v. Blitch, 341 So.2d 251 (Fla. 1st DCA 1976). Therefore the final judgment determining paternity and awarding support is
AFFIRMED.
SHARP and COWART, JJ., concur.