494 So.2d 500 (1986)
Robert A. GARDNER, Appellant,
v.
Elinor Chechak GARDNER, N/K/a Elinore Chechak, Appellee.
No. 85-547.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
Clarification and Rehearing Denied October 13, 1986.
*501 Gary S. Israel, West Palm Beach, for appellant.
Martin L. Haines III, of Haines & D'Angio, North Palm Beach, for appellee.
HERSEY, Chief Judge.
Robert A. Gardner appeals two orders directing him to satisfy alimony and child support arrearages and to remain current in his payments.
Appellant, husband, and appellee, wife, were divorced in 1983. The final judgment of dissolution of marriage incorporated a separation agreement entered into by the parties in 1982. One of the provisions of that agreement is that the wife would have custody of the parties' two children, Erik and Shana, then aged fourteen and twelve, respectively, and that the husband would have the right to visit with the children "not less than eighty-five days per year... ." The agreement also provided for payment of permanent periodic alimony to the wife of $1,800 per month and for child support payments of $1,000 per month per child.
The wife thereafter failed to comply with the provisions of the agreement regarding visitation, resulting in the husband moving to modify the agreement and final judgment in 1984. In reducing the husband's child support obligations from $1,000 per month per child to $300 per month per child, the trial court found, inter alia, that:
The former wife Elinor Chechak Gardner, now known as Elinore Chechak, has taken the position the exercise of child visitation privileges is a matter between the children and their father. She neither encourages or [sic] discourages the relationship, but allows the children to make their own decisions. She is the custodial parent and now resides with the children in the State of New York.
The trial court's order was affirmed per curiam by this court in April 1985. Gardner v. Gardner, 467 So.2d 407 (Fla. 4th DCA 1985).
In January 1985 the wife moved to have the husband held in contempt of court for nonpayment of alimony. She also sought an award of arrearages and continuation of alimony payments. After a hearing before a Domestic Relations Commissioner and review of the file and the commissioner's report, the trial court made the following findings:
1. The Respondent is in arrears in the payment of permanent periodic alimony in the amount of $3,600.00 through January 1, 1985, with the next regular payment due on February 1, 1985.
2. The Respondent testified that he did not pay the permanent periodic alimony for the months of December, 1984, and January, 1985, as he has been unable to visit with the minor child of the parties. The Respondent further testified that the older child has been emancipated and the Petitioner refuses to discuss visitation with the younger child with the Respondent. The Respondent has deposited the sums due for alimony into an escrow account and does not dispute that he had the ability to pay the alimony.
3. The Respondent has previously raised the denial of visitation defense in this case in regards to payment of child support and the Court has entered orders regarding same. The Court finds that *502 any denial of visitation attributable to the Petitioner under these circumstances is not a defense to the nonpayment of alimony.
4. The Respondent is not in contempt of Court, but will be required to satisfy the outstanding arrearages.
The court accordingly ordered the husband to pay the alimony arrearages within ten days and to remain current in his alimony payments. The husband appeals both this order and a later order of the trial court denying the husband's claim that the eldest child, Erik, had been emancipated, and ordering the husband to satisfy child support arrearages and to remain current in his payments.
Two issues are raised in this appeal. First, the husband contends that the trial court erred in holding that denial of visitation is not a defense to an action to enforce payment of alimony. We agree.
The landmark case of Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (1946), involved a situation which is very similar to that presented in the case at bar. Upon the wife's petition for arrearages in alimony, the trial court entered an order to show cause why judgment should not be entered against the husband. The husband asserted as a defense the wife's denial of visitation with the parties' children. The trial court found that this was not a defense to the wife's action and adjudged the husband guilty of contempt, from which he could purge himself only by paying the arrearages.
In reversing the trial court's order, the Florida Supreme Court recognized that "a divorced wife who refuse[s] to permit her child to visit its father, as provided by the decree of divorce, [is] not entitled to the aid of a court of equity in collecting alimony until compliance with the decree." Id. 26 So.2d at 883. The court concluded that the husband had asserted a valid legal defense to the wife's claim which prevented entry of judgment against him. We would note, further, that in refusing to enforce a right to child support, it must be demonstrated that the child will not be required to suffer, see Clayton v. Clayton, 380 So.2d 1143 (Fla. 1st DCA 1980), but this additional showing is not required where a trial court refuses to enforce, or modifies or terminates, a party's right to alimony.
We recognize that in the present case the wife has not refused to permit visitation, but it is apparent from the record that she still takes the position that visitation is a matter between the children and their father, and that she has taken no action to bring herself into compliance with the final judgment. The wife attempted in the previous appeal and attempts here to make a distinction between willfully refusing to allow the children to visit the husband and failing to take action to secure the husband's visitation rights where the children do not wish to visit their father. In our view the wife misconstrues the extent of her responsibility. The custodial parent may not merely remain neutral with regard to visitation, but has an affirmative obligation to the noncustodial parent "to encourage and nurture the parent-child relationship." In re the Adoption of Braithwaite, 409 So.2d 1178, 1180, n. 4 (Fla. 5th DCA 1982); see also Gordon v. Gordon, 368 So.2d 1356 (Fla. 4th DCA 1979). In the Gordon case this court recognized that suspension of alimony payments is a drastic measure, but found it appropriate where, as here, the wife and minor child resided in another state, making actual enforcement of the final judgment "virtually impossible," id. at 1359, and where the trial court had attempted unsuccessfully to secure compliance by other means.
Accordingly, we hold that the wife in the instant case cannot bring herself into compliance with the final judgment merely by taking no action with regard to visitation, but rather has an obligation to encourage the parties' minor daughter to visit the husband and to take steps to ensure that the daughter will do so. Until the wife does this, she is barred from seeking the court's aid in collecting alimony arrearages, in continuation of alimony payments, or in holding the husband in contempt for nonpayment.
*503 The wife also contends that, pursuant to the terms of the separation agreement, the amount of alimony she is to receive is not modifiable. Even assuming that the wife's interpretation of the agreement is correct, it is not determinative of this issue. What is involved here is not a modification of the wife's entitlement to the stated amount of alimony, but rather a determination that the wife cannot seek the aid of the court to enforce her right to the alimony until such time as she complies with the final judgment regarding visitation by the husband with the parties' minor daughter.
The second issue raised by the husband is whether the trial judge erred in refusing to hold that the parties' minor son has become emancipated.
It appears that it was the wife who raised this question below by her motion to hold the husband in contempt for failure to make child support payments for Erik, and that she sought, in addition to contempt, child support arrearages and continuation of child support payments. Therefore, as a threshold matter, it is necessary to determine whether the noncompliance by the wife with regard to visitation with the daughter  which we conclude bars her from seeking enforcement of her right to alimony  also bars her from seeking the requested relief with regard to child support.
We conclude that the wife may seek this relief. First, as mentioned previously, in reducing or terminating child support due to the wife's failure to provide visitation, it must be demonstrated that the child will not be required to suffer. See Clayton v. Clayton, 380 So.2d 1143 (Fla. 1st DCA 1980). There is no indication that such a showing was made here. Second, the husband is no longer seeking visitation with the son. Therefore, since no breach of the wife's obligations is alleged as to the son, we find no reason to prevent the wife from seeking child support payments for him.
With regard to the merits of this issue, we conclude that the trial court properly found the husband's evidence insufficient to support a finding of emancipation.
We reverse the provisions of the trial court's order awarding alimony arrearages to the wife and directing the husband to remain current in his alimony payments, but without prejudice to the wife's right to petition the court for this or other appropriate relief at such time as she complies with the visitation provisions contained in the final judgment with regard to the parties' minor daughter. In all other respects the order is affirmed. We also affirm the order awarding child support arrearages for the parties' minor son and directing that the husband remain current in his payments.
AFFIRMED in part; REVERSED in part.
LETTS and WALDEN, JJ., concur.