596 So.2d 1117 (1992)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Donna Lemaster, Appellants,
v.
Jackie LEMASTER, Appellee.
No. 91-01499.
District Court of Appeal of Florida, Second District.
March 11, 1992.
Rehearing Denied May 1, 1992.
Amanda Traweek of Carlton & Carlton, P.A., Lakeland, for appellants.
Jackie Lemaster, pro se.
PER CURIAM.
In October of 1989 the appellants brought an action against the appellee under URESA for child support. The action sought relief for ongoing child support and for arrearages in the amount of $14,900 accruing under a 1976 Kentucky divorce decree. The trial court entered an order finding that there was an arrearage in the amount of $14,900, but reducing the appellee's obligation for that amount to $5,500. We reverse.
In the trial court the appellee filed a responsive pleading titled "Answer/Affirmative Defense" in which he asserted the affirmative defense of laches. The appellee alleged that he had not heard from, seen, or had any contact with his ex-wife since January 2, 1977. He further asserted that this 12-year delay in seeking to enforce the arrearages clearly prejudiced him; that he was unable to exercise visitation through no fault of his own; and that the 12-year accumulation of arrearages now constitutes an intolerable lump sum for him to shoulder.
The trial court found as a matter of fact that the appellee had knowledge of the whereabouts of his child from January 1, 1987, through March 23, 1991. Thus the trial court found the appellee obligated for arrearages in the amount of $5,500 allocable to that period. We find that the appellee failed to establish any valid basis to relieve him from the remaining obligation of $9,400.
The appellee failed to establish the affirmative defense of laches under the test set forth in Van Meter v. Kelsey, 91 So.2d 327 (Fla. 1956). In an action for child *1118 support, the mere passage of time is not sufficient to give rise to a defense of laches. Cartee v. Carswell, 425 So.2d 204 (Fla. 5th DCA 1983).
The Florida legislature has made it clear that visitation rights and the obligation to provide child support are unrelated and that the inability to exercise visitation rights does not relieve the noncustodial parent from the obligation to pay child support. § 61.13(4)(b), Fla. Stat. (1991); § 88.271, Fla. Stat. (1991).
During the period when the appellee did not know of his child's whereabouts, it would have been a simple matter for him to simply set aside each child support payment as it became due. Had he done so, he would not now find the 12-year accumulation of arrearages to constitute an intolerable lump sum for him to shoulder. We reverse and remand with directions to enter a final order finding the appellee obligated for payment of $14,900 in arrearages as claimed by the appellants in this action.
Reversed and remanded.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.