651 So.2d 1261 (1995)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Cynthia Archambault, Appellants,
v.
Lamar SANDIDGE, Appellee.
No. 94-1732.
District Court of Appeal of Florida, First District.
March 14, 1995.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Chriss Walker of Dept. of Health and Rehabilitative Services, Tallahassee, for appellants.
No appearance, for appellee.
PER CURIAM.
The Department of Health and Rehabilitative Services (HRS), appearing on behalf of Cynthia Archambault, appeals an order terminating appellee's obligation to pay child support for the stated reason that Archambault failed to appear at a scheduled hearing or provide visitation to the former husband. We reverse.
By a final judgment dated July 14, 1986, appellee and Archambault were divorced and residential custody of the three minor children was given to the former wife. Appellee was ordered to pay $75 per week in child support. Thereafter, Archambault sought modification of the child support award alleging a substantial change of circumstances. By this time, Archambault had moved to Ohio with the children. Archambault did not personally appear at a conference held on July 14, 1993 at which time the appellee admitted that he was in arrears on his child support obligation. At a second hearing held on August 11, 1993, the former wife did not appear despite the fact that she had been apprised of the hearing by HRS officials. At that time, appellee alleged that he had not seen his children in several years and made an ore tenus motion regarding visitation. At the hearing the lower court transferred custody of the minor children from the former wife to the former husband and denied petition for modification. A written order to this effect was later entered.
Thereafter, the former wife moved to vacate the order, noting that the lower court did not have jurisdiction to alter the custody provisions of the final judgment. Archambault made no argument concerning the denial of her petition for modification. The lower court entered an order granting the motion to vacate by returning custody of the children to their mother; however, the appellee's child support obligation was specifically terminated "because of the Petitioner/Wife's refusal *1262 to either appear or provide visitation for the Former Husband... ."
HRS argues on appeal that the cancellation of support is a modification for which there must be competent, substantial evidence of a change in circumstances, citing Thomas v. Thomas, 589 So.2d 944 (Fla. 1st DCA 1991), and that the order of the trial court cancelling support is not supported by competent, substantial evidence. HRS notes further that the obligation to provide child support is unrelated to the right of visitation, State of Florida, Department of HRS v. Lemaster, 596 So.2d 1117 (Fla. 2d DCA 1992), and, as a result, the lower court acted inappropriately in denying child support as a remedy to the failure to accord visitation. Finally, HRS argues that the order on the motion to vacate is erroneous because the lower court erred as a matter of law in terminating child support without proper notice or without affording the wife an opportunity to be heard on this issue.
The appellee has made no appearance in this appeal. Having carefully reviewed the record in this case, we agree with HRS that the lower court erred in terminating child support in the instant case. Section 61.13(4)(b), Florida Statutes (1993), provides:
When a custodial parent refuses to honor a noncustodial parent's visitation rights, the noncustodial parent shall not fail to pay any ordered child support or alimony.
Citing this statutory provision, the court in State of Florida, Department of Health and Rehabilitative Services v. Lemaster, supra, observed that the Florida Legislature has made it "clear that visitation rights and the obligation to provide child support are unrelated and that the inability to exercise visitation rights does not relieve the non-custodial parent from the obligation to pay child support." 596 So.2d at 1118. We agree that in the instant case the lower court erred in using child support as a form of punishment against the former wife for conduct of which the lower court did not approve.[1] It is well-established that child support is a right belonging to children, O'Brien v. O'Brien, 424 So.2d 970 (Fla.3d DCA 1983), and the lower court's method of sanctioning the former wife in the instant case punishes the children.
Moreover, we must agree with the appellant that there is no competent, substantial evidence in the record to justify the modification of the final judgment of dissolution in this manner. See Thomas v. Thomas, supra. Accordingly, the termination of child support is reversed, and the cause is remanded to the lower court for entry of an order restoring child support, to be retroactively effective to the time of the entry of the order on the motion to vacate. We note that no argument has been presented on appeal regarding the denial of the former wife's petition for modification of support, and accordingly that denial is not affected by the instant appeal. Similarly, since no cross-appeal has been filed by the appellee regarding the return of residential custody of the children to the former wife, the custody arrangement established in the order granting the motion to vacate is unaffected by this decision.
REVERSED and REMANDED.
BARFIELD, KAHN and VAN NORTWICK, JJ., concur.
NOTES
[1] The final judgment of dissolution provides for "shared parental responsibility" over the minor children, and the final judgment incorporates a stipulation which affords "frequent and continuing contact by [appellee], with reasonable rights of visitation at reasonable times and places, with reasonable notice." If appellee's allegations are true, the former wife is certainly not acting in compliance with the final judgment of dissolution.