FULMER, Judge.
This appeal arises out of ongoing visitation disputes that began shortly after the parents were divorced in March 1992. The mother challenges an order entered July 12, 1994, that (1) granted the father’s “Motion for Contempt or, in the alternative, Motion to Enforce Amended Final Judgment,” (2) granted the father’s “Petition for Modification of Amended Final Judgment,” and (3) denied the mother’s request that the father be ordered to submit to a psychological examination pursuant to Florida Rule of Civil Procedure 1.360. The mother raises five issues on appeal. We find merit only in her contention that the trial court erred by suspending her award of rehabilitative alimony.
An amended final judgment of dissolution was entered on August 12, 1992, which defined the father’s visitation rights with the minor children and the corresponding responsibilities and obligations of both parties. On June 30, 1993, the trial court found the mother to be in contempt of court and granted the father specified visitation during the 1993 holidays. On January 27, 1994, the father filed a “Motion for Contempt or, in the alternative, Motion to Enforce Amended Final Judgment” alleging that the mother had violated the provisions of both the amended final judgment and the June 30, 1993, order. He also filed a “Petition for Modification of Amended Final Judgment” seeking termination of his obligation to pay rehabilitative alimony. As grounds for the termination, the father asserted that “the repeated and willful actions of the Wife in violating the Husband’s visitation rights with his minor children, and in violating this Court’s order compelling visitation, justify and warrant termination of the alimony award as set forth in the original Final Judgment of Dissolution of Marriage, and further justify the elimination of the Wife’s utilization of this Court to enforce her right to rehabilitative alimony.”
On June 21, 1994, a hearing was held after which the order on appeal was entered. The provision in the order suspending the mother’s rehabilitative alimony states:
5) THAT this Court further orders that the award of rehabilitative alimony to the Former Wife, pursuant to the authority of Gardner v. Gardner, 494 So.2d 500, 501 (Fla. 4th DCA 1986), is hereby suspended immediately pending the Former Wife’s full compliance with the Court Order and the previous Orders of this Court concerning the Former Husband’s visitation with the minor children. That the Former Wife is not entitled to the aid of this Court in collecting any rehabilitative alimony award until this Court finds, through a Court Order, that she has complied with this decree in full.
As a general rule, a party seeking modification or termination of rehabilitative alimony must show a material change in circumstances or achievement of the rehabilitative purpose. Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980). In this case, however, it is clear that the trial court suspended the mother’s alimony as a sanction for the mother’s repeated interference with the father’s visitation rights. The trial court’s reliance on Gardner v. Gardner, 494 So.2d 500 (Fla. 4th DCA 1986), dismissed, 504 So.2d 767 (Fla.1987), as authority for suspending the alimony is misplaced. Gardner was effectively overruled by the passage of Chapter 86-220, § 118, Laws of Florida, which created section 61.13(4), Florida Statutes.[1] Sub *373 section (b) of section 61.13(4) prohibits withholding support or alimony when a custodial parent refuses to honor a noncustodial parent’s visitation rights. This section has been interpreted to mean that the trial court may not suspend child support as a sanction for a custodial parent’s violation of visitation orders. See State, Dep’t of Health and Rehabilitative Servs. v. Sandidge, 651 So.2d 1261 (Fla. 1st DCA 1995); Carroll v. Carroll, 593 So.2d 1131 (Fla. 2d DCA 1992). Underlying the holding in these cases is the legislative directive that the obligation to support a minor child should not be dependent upon visitation rights. By including “alimony” in the provisions of section 61.13(4)(b), the legislature has also declared that the obligation to pay alimony and the right to receive it are not dependent upon visitation rights.
Notwithstanding these provisions, the father argues that the trial court’s suspension of alimony should be affirmed as a permissible remedy authorized by section 61.13(4)(d), which provides, “A person who violates this subsection may be punished by contempt of court or other remedies as the court deems appropriate” (emphasis added). The father’s proposed interpretation of the words “other remedies” directly conflicts with both the plain language and the intent of section 61.13(4) in which the legislature has made it clear that neither child support nor alimony obligations may be conditioned upon visitation rights.
In accordance with the expressed intent of the legislature, we hold that a trial court may not suspend alimony as a sanction under section 61.13(4)(d). Therefore, we reverse the trial court’s order insofar as it suspends the payment of rehabilitative alimony and bars the mother’s access to the court for enforcement, and strike paragraph five of the order. In all other respects, we affirm the trial court’s order.
Affirmed in part and reversed in part.
PATTERSON, A.C.J., and BLUE, J., concur.

. Section 61.13(4), Florida Statutes (1993), provides:
(a) When a noncustodial parent who is ordered to pay child support or alimony and who is *373 awarded visitation rights fails to pay child support or alimony, the custodial parent shall not refuse to honor the noncustodial parent's visitation rights.
(b) When a custodial parent refuses to honor a noncustodial parent's visitation rights, the noncustodial parent shall not fail to pay any ordered child support or alimony.
(c) When a custodial parent refuses to honor a noncustodial parent’s visitation rights without proper cause, the court may:
1. After calculating the amount of visitation improperly denied, award the noncustodial parent a sufficient amount of extra visitation to compensate the noncustodial parent, which visitation shall be taken as expeditiously as possible in a manner which does not interfere with the best interests of the child; or
2. Award the custody or primary residence to the noncustodial parent, upon the request of the noncustodial parent, if the award is in the best interests of the child.
(d)A person who violates this subsection may be punished by contempt of court or other remedies as the court deems appropriate.