682 So.2d 589 (1996)
STATE OF FLORIDA DEPARTMENT OF REVENUE on behalf of Linda Michelle PAYNE, Appellant,
v.
Orlando ORTEGA, Appellee.
No. 95-03989.
District Court of Appeal of Florida, Second District.
October 23, 1996.
Annette J. Szorosy and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellant.
No appearance by Appellee.
WHATLEY, Judge.
The Department of Revenue (DOR), on behalf of the mother in this paternity action, section 409.2561(3), Florida Statutes (1995), appeals the final order setting custody, support, and visitation. DOR contends that the trial court erred in directing that the mother shall relinquish all her rights to receive child support from AFDC and her minor child's father. We agree with DOR that these directives of the final order are improper and reverse.
The minor child was born on December 2, 1992. On July 21, 1994, Orlando Ortega filed a complaint to establish the paternity of the child against Linda Michelle Payne, the child's mother. Ultimately, upon stipulation by Ortega, the trial court entered summary judgment adjudicating Ortega to be the father of the minor child. The court then entered a temporary order on visitation and support which directed that DOR be notified. After receiving notice, DOR filed a motion to intervene, which was granted. The parties, their attorneys, and counsel for DOR were present at the final hearing on custody, support, and visitation.
After the hearing, the trial court entered a final order stating that Ortega had agreed to waive his right to visitation and Payne had agreed to waive all claims for child support. The order further states that DOR had been allowed to intervene and objected to Payne's waiver of child support, arguing that a parent cannot waive a child's right thereto. DOR had informed the court that Payne is currently receiving AFDC and that fact indicates that the child is in need of support. The court then found that "waiving support is in the best interest of the child as [Payne] and [Ortega] do not wish to have further contact." It ordered that Payne "shall relinquish all rights to receive child support from Mr. Ortega, from AFDC, or from any other government source or individual. However, Ms. Payne does not relinquish her right to Medicaid benefits." The court further found in the order that the parties agreed that it is in the best interests of the minor child for Payne to have sole parental responsibility because the ex-boyfriend of Ortega's girlfriend had become potentially violent and had *590 made threats against Ortega in the presence of the child. Ortega was ordered to reimburse DOR the $5,864 that Payne had received in AFDC benefits and each party was ordered responsible for their own attorney's fees and costs.
We agree with DOR that the trial court did not have authority to prohibit the mother from applying for and receiving AFDC benefits.
Once a class has been accorded eligibility by federal standards, a state may not impose any restrictions upon that class. And any attempt to impose such restrictions, and thus deny benefits to a federally recognized class, must be struck down as inconsistent with federal standards, and hence [as] invalid under the Supremacy Clause of the United States Constitution.
Tarver v. State, Dep't of Health and Rehabilitative Services, 371 So.2d 190, 192 (Fla. 4th DCA 1979) (citations omitted). Ordering Payne to relinquish her right to receive child support from AFDC runs directly counter to the federal requirements for state participation in that program. The federal statutes provide that state plans for services and aid to needy families with children must "provide that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall ... be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 602(10)(A).
DOR also appeals that part of the final order directing that the mother shall relinquish all her rights to receive support from the minor child's father. The case law is clear that parents may not waive their children's right to support because that right belongs to the children. Beal v. Beal, 666 So.2d 1054 (Fla. 1st DCA 1996); O'Brien v. O'Brien, 424 So.2d 970 (Fla. 3d DCA 1983); Kirkconnell v. Kirkconnell, 222 So.2d 441 (Fla. 2d DCA 1969).
The parties stipulated to the mother's waiver of child support in exchange for the father's waiver of his right to visitation. The trial court appears to have agreed to this stipulation. This was improper.
The Florida legislature has made it clear that visitation rights and the obligation to provide child support are unrelated and that the inability to exercise visitation rights does not relieve the noncustodial parent from the obligation to pay child support. § 61.13(4)(b), Fla. Stat. (1991); § 88.271, Fla. Stat. (1991).
State, Dep't of Health and Rehabilitative Services v. Lemaster, 596 So.2d 1117, 1118 (Fla. 2d DCA 1992).
Additionally, the best interests of the minor child are clearly not served by ordering the mother to relinquish her rights to receive benefits from the father or any governmental agency or by relieving the father of his obligation to provide child support. See Boylan v. Cooper, 482 So.2d 584, 585 (Fla. 5th DCA 1986) (Sharp, J., dissenting) ("The welfare and best interest of the child has always been the keystone of Florida's jurisprudence regarding support and custody of children."). Accord de Jesus Paris v. Bollon, 503 So.2d 1387, 1388 (Fla. 4th DCA 1987). See also Peregood v. Cosmides, 663 So.2d 665, 669 (Fla. 5th DCA 1995) ("We can locate no Florida cases in which the parents contracted away all legal rights to their child to relieve themselves of child support obligations or visits by the other parent.... Such an agreement runs into the teeth of Florida's strong public policy to provide support for children by their parents, and not to countenance circumvention of a parent's duty to support his or her children.").
Accordingly, we reverse that portion of the final order directing that Payne shall relinquish all her rights to receive benefits from AFDC or from the father of her minor child. The order is affirmed in all other respects.
CAMPBELL, A.C.J., and PARKER, J., concur.