OWEN, WILLIAM C.,'Jr., Senior Judge.
Appellee, appellant’s former wife, was awarded judgment for child support ar-rearage. Because we find that under the facts of this case it was an abuse of discretion to award arrearage for the fourteen months during which appellee retained the physical custody of the children in willful and persistent defiance of a court order transferring custody of the children to appellant, we reverse that portion of the judgment, as well as certain of the taxed costs.
When the parties were divorced in 1987, the court approved their marital settlement agreement. It provided for appellee to have primary custody of the minor children and for appellant to have liberal visitation rights and to pay appellee weekly child support payments. Soon after the divorce, appellee moved to Alabama with the children and in May 1988, brought an action in that state for modification of appellant’s visitation rights. While appellee pursued her case in Alabama, appellant initiated contempt proceedings in Florida alleging appellee’s failure to arrange for his visitation privileges. The Florida court entered its order in December 1988, which provided that if appellee did not bring the children to Florida to visit with appellant during their Christmas break, appellant “may abate all child support payments from that Christmas break forward until further Order of this Court.”[1] Because the visitation issue was then being litigated by appellee in the Alabama court, she did not permit the Christmas visitation and so, relying on the Florida court order, appellant abated his child support payments to appellee.
In April 1989, the Alabama court, refusing to give full faith and credit to the Florida judgment, entered its order granting custody to appellee (who, of course, already had custody under the Florida judgment) and restricting appellant’s visitation rights. On July 13, 1989, the Florida court, finding it in the children’s best interest to transfer their custody to appellant, entered an order to that effect. Ap-pellee, choosing to ignore the Florida court order and to rely instead on the Alabama court order, refused to deliver physical custody of the'children to appellant. Even though the custody order of the Alabama trial court was reversed[2] by the Alabama appellate court in January 1990, appellee continued in her obstinate refusal to comply with the Florida court order, electing instead to pursue a futile effort for further review in the Alabama Supreme Court. In fact, the physical custody of the children was not actually delivered to appellant until October 1990, and then not by appellee, but by the Alabama authorities after ap-pellee had secreted herself and the children in northern Alabama following the Alabama Supreme Court’s denial of further review on August 31,1990.
This lengthy two-state fight over child custody was for naught. On May 15,1991, the parties voluntarily stipulated to an order returning primary custody to appellee. Shortly thereafter, appellee sought and obtained an upward modification of child support. This was followed by a period of relative quiescence until, in February 1997, *212 appellee filed a petition seeking not only another upward modification of child support, but also an award for arrearage of past due child support, a finding of contempt, and an award of attorney’s fees and costs. The judgment on that petition and the subsequent order awarding attorney’s fee and costs are the matters now before us, only the upward modification not being challenged on this appeal.
In its judgment, the trial court found (1) appellee’s flight from Florida to Alabama “should be forgiven ... due to her actual, genuine and justified fear for the health, safety, welfare and lives of herself and her minor children at the hands of the former husband herein,” (2) the appellee had “de facto custody” of the parties’ children from the time she fled Florida in fear for her safety and the safety of her children at the hands of appellant until the May 1991 order restoring primary custody to her, and (3) despite the July 1989 order transferring primary custody of the children to the appellant, appellant owed appellee the court-ordered child support for all of 1989 and the first nine months of 1990 in the total sum of $19,800, with interest. The court also found that appellant, for his contemptuous refusal to pay such support, was in contempt of court.[3]
The order of December 1988 (which authorized appellant to abate the court ordered child support payments “until further order of court”) was clearly wrong. See McCartney v. McCartney, 659 So.2d 371 (Fla. 2d DCA 1995); Department of Health & Rehab. Servs. v. Sandidge, 651 So.2d 1261 (Fla. 1st DCA 1995); Carroll v. Carroll, 593 So.2d 1131 (Fla. 2d DCA 1992). Nonetheless, we think it clear that appellant may not be found in willful contempt for failure'to pay court-ordered child support payments when the court itself has said he need not do so “until further order of court.” Thus, we reverse the finding that appellant was in contempt for his failure to pay court-ordered support.
While the order of December 1988, serves appellant as a shield from the finding of contempt, it will not shield appellant from all obligation for child support. During the period from January 1,1989, to the order of July 13, 1989, when the court transferred custody to him, appellant as the non-custodial parent had a common law duty to contribute to appellee, the custodial parent during that period of time, for-the support of his minor children. See Isaacs v. Deutsch, 80 So.2d 657 (Fla.1955); Ash v. Coconut Grove Bank, 443 So.2d 437 (Fla. 3d DCA 1984); Ciociola v. Ciociola, 302 So.2d 462 (Fla. 3d DCA 1974); cf. Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992). The amount of his contribution, consistent with the children’s need and his ability, to pay, already had been determined. For that reason, we find no abuse of discretion in awarding to appellee the arrearage for the period from January 1 to July 13, 1989, at which time legal custody of the children was transferred to appellant.
The court, however, did not view the order of July 13,1989, as legally significant in determining appellant’s obligation for child support arrearage after that date. The court determined that (1) appellee fled Florida in early 1988 in fear for the safety of herself and children at the hands of appellant, (2) pursuant “to applicable law” appellee should be forgiven that flight due to her actual, genuine, and justified fear for the health, safety, welfare and lives of herself and her minor children at the hands of the former husband, (3) that by virtue of the foregoing, from the time ap-pellee fled Florida in early 1988 until the children were physically delivered to appellant in October 1989, she had “de facto custody” of the children, and (4) despite the order of July 13, 1989, appellant was obligated to pay appellee child support ar-rearage for that period of time.
The court’s finding that appellee should be forgiven her flight from the State of *213 Florida would be a defense to the parental kidnapping statute, see section 787.04, Florida Statutes (1999), had appellee been charged with an offense under that statute. And, perhaps, had the court, in the exercise of its discretion, refused to find appel-lee in contempt for violation of the order of July 13, 1989, we might not think that an abuse of discretion. We do, however, consider it an abuse of discretion when the court uses such a finding to reward appel-lee’s willful and persistent violation of the custody order by bestowing on her the title of “de facto custodial parent” with entitlement to the full court-ordered support as though the custody order had not been entered. She was, of course, the “de facto custodian” during the fourteen month period only by virtue of her willful violation of the order transferring custody to appellant. Under such conditions, to award appellee arrearage for that period of time, on a petition filed some seven years subsequent thereto and with no showing that the needs of the children were not then being met, is to permit her to profit from her own wrong doing. That the law does not allow. See Young v. Young, 97 So.2d 470 (Fla.1957); Ashwood v. Patterson, 49 So.2d 848 (Fla.1951); Schmitt v. Bethea, 82 So. 817, 78 Fla. 304 (1919); Grau v. Branham, 626 So.2d 1059 (Fla. 4th DCA 1993). In effect, to do so allows her to be the judge of the validity of the court’s order and, by her own disobedience, allows her to set it aside. That, said the court in Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991), would make a mockery of the judicial power.
We have consolidated for argument and this opinion the separate appeal from the order granting attorney’s fees and costs to appellee. Although the amount of attorney’s fees awarded exceeded the amount that appellant’s expert opined as reasonable, we find no abuse of discretion on that score. The order taxing costs included amounts itemized for toll calls, faxes, parking tolls, parcel delivery service, postage, investigators and the like, all of which appear to be miscellaneous office expenses which should not have been taxed. See Carson v. Quaile, 616 So.2d 462, 464 (Fla. 4th DCA 1993).
The judgment for arrearage and the separate order on attorney’s fees and costs are severally reversed and this cause remanded for entry of an amended judgment and an amended order on fees and costs not inconsistent with this decision.
REVERSED AND REMANDED.
WARNER, C.J., and KLEIN, J., concur.

. During the time period relevant to the issue before us, there was no further order concerning payment of child support.

. The Alabama appellate court held that Florida, not Alabama, had jurisdiction to determine custody of the children.

. Adjudication was withheld, as was the imposition of any sanction.