SALCINES, Judge.
Dana M. Kimball appeals a contempt order entered after a final judgment. Although the contempt order which she challenges was entered as a result of a civil contempt proceeding, the order itself was in actuality an indirect criminal contempt order. Because the trial court failed to afford Ms. Kimball the requisite due process safeguards prior to imposing the indirect criminal contempt order, we reverse.
Ms. Kimball and Mr. John M. Yaratch were divorced in 1990. At the time of their divorce, they had two young children. They were to have shared parental responsibility for their children pursuant to the final judgment of dissolution. The primary physical residence of the children was designated to be with Ms. Kimball. Mr. Yaratch was granted frequent and continuing contact with the children and he was also ordered to pay periodic child support.
The parties experienced some difficulty in regard to visitation, and, in 1995, a general master established more specific guidelines concerning Mr. Yaratch’s visitation with the children. The parties continued to experience certain problems concerning the children, and, in 1998, Mr. Yaratch filed a motion for contempt against Ms. Kimball. The matter proceeded to a hearing on December 17, 1998.
Based upon the evidence presented at the December 1998 hearing, the trial court entered a temporary contempt order. In that order, the trial court specifically noted that there had not been sufficient time for the parties to introduce all of their evidence at the hearing. Nonetheless, the trial court made a “preliminary and temporary finding” that Ms. Kimball was in contempt, and granted Mr. Yaratch’s motion without prejudice to either party’s right to bring the matter back before the court for a determination of contempt. Of particular import, in that temporary order, the trial court abated child support indefinitely as a sanction against Ms. Kimball.[1] Ms. Kimball took numerous steps to set aside the temporary contempt order and reinstate the child support. Finally, the trial court reconvened on December 16, 1999, almost a year after the imposition of the temporary contempt order abating child support.
*99 Following the December 1999 hearing, the trial court entered a contempt order in which it adopted all the findings made in its prior temporary order. The trial court further found Ms. Kimball to be in contempt of its orders concerning Mr. Yaratch’s rights with respect to shared parental responsibility and visitation, and determined “[t]he termination of child support for the period December 17, 1998 through December 16, 1999 is an acceptable coercive sanction against the Former Wife.” It then ordered that Ms. Kimball “has purged her contempt in this matter with the abatement of child support for the period December 17, 1998 through December 16, 1999,” and denied Ms. Kim-ball’s motion to reinstate child support on the grounds that it was moot.
Although the trial court ultimately determined that Ms. Kimball had purged her contempt, the after-the-fact provision was actually a punitive sanction rather than a purge provision. The fine imposed in the temporary order, abatement of child support, was a punitive sanction because “the contemnor ha[d] no subsequent opportunity to reduce or avoid the amount of the fine through compliance.” Parisi v. Broward County, 769 So.2d 359, 365 (Fla.2000) (quoting International Union, United Mine Workers v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). As a result of the imposition of the punitive sanction, this matter, which had been initiated as a civil contempt proceeding, converted to an indirect criminal contempt proceeding. As such, the trial court was obliged to afford the contemnor with the same constitutional due process protections afforded to criminal defendants as set forth in Florida Rule of Criminal Procedure 3.840. Those safeguards were not afforded to Ms. Kimball. Hence, we reverse.[2]
Reversed and remanded for further proceedings consistent herewith.
FULMER, A.C.J., and DAVIS, J., concur.

. The trial court's decision to abate child support as a sanction was improper. See McCartney v. McCartney, 659 So.2d 371, 373 (Fla. 2d DCA 1995) (explaining the legislative directive behind chapter 61, this court wrote “the obligation to support a minor child should not be dependent upon visitation rights”).

. This matter is not moot because the nature of the sanction in the present case was punitive and resulted from the coercion of a prior order. See Int’l Med. Ctrs., Inc. v. Colavec-chio, 563 So.2d 784 (Fla. 4th DCA 1990) (holding that payment of fine under coercion of court order not moot).