800 So.2d 273 (2001)
Melissa J. GORE, Appellant,
v.
Ronald Trenton PECK, Appellee.
No. 2D01-547.
District Court of Appeal of Florida, Second District.
October 12, 2001.
Rehearing Denied November 13, 2001.
*274 Jean Marie Henne, Winter Haven, for Appellant.
Robert A. Norgard, Bartow, for Appellee.
CAMPBELL, MONTEREY, (Senior) Judge.
Melissa J. Gore, the mother, challenges the final judgment of paternity in which the trial judge declined to require the father, Ronald Trenton Peck, to pay child support retroactive from October 7, 1999, the date of the filing of the petition to determine paternity, to April 23, 1997, the birth of the child. We reverse only in regard to the failure to provide retroactive child support from October 7, 1999, to October 7, 1997.
In declining to award child support prior to the date of the filing of the petition, the trial judge reasoned as follows in the final judgment:
On April 15, 1997, the mother filed a Petition to Determine Paternity to obtain prenatal and birthing expenses and ongoing child support. On September 26, 1997, she dismissed that action. During the course of those proceedings, the parties were each represented by their present attorneys. The Petitioner testified at the hearing held on November 15, 2000, that she voluntarily dismissed the prior action because she did not want her child subjected to the lifestyle of the Respondent. By voluntarily dismissing the action, it allowed her to have more control over the visitation process. Without regard to the wisdom of that decision, this Court finds that the mother, having elected to control the visitation process from birth until the filing of the petition in this action on October 7, 1999, cannot now seek retroactive child support for any date preceding the filing of this petition.
This court, and others, have adhered to the often-stated principle that neither the mere passage of time nor the restraint on visitation rights excuses a parent from child support obligations. Dep't of Revenue v. Ortega, 682 So.2d 589 (Fla. 2d DCA 1996); Golden v. Lewis, 647 So.2d 979 (Fla. 2d DCA 1994); Dep't of Health and Rehabilitative Servs. v. Lemaster, 596 So.2d 1117 (Fla. 2d DCA 1992); E.Z.P. v. H.P., Jr., 756 So.2d 188 (Fla. 3d DCA 2000); Dep't of Health and Rehabilitative Servs. v. Sandidge, 651 So.2d 1261 (Fla. 1st DCA 1995); Johns v. Richards, 717 So.2d 1103 (Fla. 4th DCA 1998); Cartee v. Carswell, 425 So.2d 204 (Fla. 5th DCA 1983). The Florida Legislature has also made it clear that visitation rights and the obligation to provide child support are unrelated. § 61.13(4)(b), Fla. Stat. (1997).
The mother and the father have not resided together since prior to the birth of the child. Section 61.30(17), Florida Statutes *275 (1999), provides for a retroactive award of child support under these circumstances for a period of twenty-four months preceding the filing of the petition. It was an abuse of discretion for the trial judge to fail to do so. We therefore reverse the retroactive award of child support. On remand, the support shall be made retroactive to October 7, 1997. The final judgment is otherwise affirmed.
Affirmed in part; reversed and remanded in part.
FULMER, A.C.J., and DAVIS, J., Concur.