830 So.2d 228 (2002)
Janice L. KRUFAL and The State of Florida, Department of Revenue, Appellants,
v.
John L. JORGENSEN, Appellee.
No. 4D01-4726.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
*229 Richard E. Doran, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for appellants.
Sally S. Benson of Sally S. Benson, P.A., Palm Beach Gardens, for appellee.
KLEIN, J.
The issue in this paternity and child support case is whether the trial court erred in reducing the amount of present child support based on laches or fraud by the mother. We reverse.
In a light most favorable to the father, the facts are that the mother told him, when they were living together, that she did not want children, but she deliberately became pregnant by him through deception. After they separated, she had a child, and when the child was about two she told him that if he was the father she did not want him involved in their lives.
When the child was seven, she wrote him asking him to consent to adoption by her new husband. He denied that he was the father but agreed that he would consent to the adoption. The adoption, however, did not take place. The mother and child live in Missouri.
In this proceeding, filed when the child was twelve, it was established for the first time that appellee is the father and that his guideline child support obligation is $436 a month. Finding laches or fraud, however, the trial court reduced his obligation to $300 a month and denied support from the date of the filing of the petition.
The duty of a parent to pay child support is primarily to benefit the child. Budnick v. Silverman, 805 So.2d 1112 (Fla. 4th DCA 2002). This is probably why the father has not cited any cases, nor have we found any, in which this type of conduct was held to be a basis for reducing present child support. Such a reduction would be contrary to the best interests of the child, "the keystone of Florida's Jurisprudence regarding support and custody of children." Boylan v. Cooper, 482 So.2d 584, 585 (Fla. 5th DCA 1986)(Sharp, J., dissenting).
The father argues that section 61.30, Florida Statutes (2001), our child support guidelines, supports the reduction. He relies on section 61.30(1)(a) which provides in part:
The trier of fact may order payment of child support which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.
The factors in the above paragraph, as well as those in section 61.30(11)(a), all relate to the financial ability of the parents and the best interests of the child. We do not agree with the father that section 61.30 authorizes a reduction based on the facts relied on by the father.
In Finley v. Scott, 707 So.2d 1112 (Fla. 1998), a paternity suit against a professional basketball star, child support under the guidelines would have exceeded $10,000 a month, but the mother's total living expenses *230 for herself, the father's child, and another child, was about $2,000 a month. The trial court awarded child support of $5,000 a month, $3,000 of which was to be paid into a guardianship trust. In affirming the trial court, our supreme court explained:
To assist trial courts in making this fact-intensive decision in future cases, we expressly point out that a trial court is to begin its determination of child support by accepting the statutorily mandated guideline as the correct amount. The court is then to evaluate from the record the statutory criteria of the needs of the child, including age, station in life, and standard of living, the financial status and ability of each parent, and any other relevant factors. If the trial court then concludes that the guideline amount would be unjust or inappropriate and also determines that the child support amount should vary plus or minus five percent from the guideline amount, the trial court must explain in writing or announce a specific finding on the record as to the statutory factors supporting the varied amount. Absent an abuse of discretion as to the amount of the variance, the trial court's determination will not be disturbed on appeal if the calculation begins with the guideline amount and the variation is based upon the statutory factors. [emphasis added.]
Id. at 1117.
The grounds on which the trial court based its deviation in the present case are not statutory factors, and the trial court accordingly did not have the discretion to reduce child support under these facts.
As to whether support should have been awarded from the date the petition was filed, if the father has the ability to pay and the child has the need when the petition is filed, support must be awarded from the date of the petition. Bardin v. State Dep't of Revenue, 720 So.2d 609 (Fla. 1st DCA 1998)(and cases cited); Gore v. Peck, 800 So.2d 273 (Fla. 2d DCA 2001)(and cases cited). All the cases relied on by the husband are distinguishable because they involved arrearages accruing prior to the filing of the petition. Reversed.
FARMER, J., and LEVIN, STEVEN J., Associate Judge, concur.