PER CURIAM.
This case involves the issues of paternity and a father’s obligation to pay support for his child born out-of-wedlock. The child’s mother died of cancer after final judgment was entered. While we find no error in the trial court’s finding of paternity, we reverse the child support award and remand for further proceedings based on the following analysis.
*281 First, it was error for the trial judge to rely exclusively on the statutorily set child support guidelines, § 61.30, Fla.Stat. (1989), in determining the amount of the support award because the guidelines were not yet in effect when the complaint was filed. See Trager v. Trager, 541 So.2d 148 (Fla. 4th DCA 1989); Reed v. Reed, 541 So.2d 755 (Fla. 1st DCA 1989).[1] Upon remand the trial judge should utilize those standards applicable prior to the statutory change. As part of his reconsideration of how much the appellant father is obligated to pay in child support, the trial judge should consider the income of the appellant’s wife (who is not the mother of the child) inasmuch as it impacts on the appellant’s obligation to support the three children born to him and his wife. However, the court should recognize that the appellant’s wife has assumed no obligation to support the out-of-wedlock child.
Second, we note that the child support awarded upon remand will go partly to the deceased mother’s estate[2] and partly to HRS due to the fact that the mother received state economic assistance to care for the child. See 409.2561(3), Fla.Stat. (1989). At oral argument, HRS clarified that support payments are sought from the date of the complaint’s filing and not from the date of the child’s birth, some seven months earlier. Consequently, based on the facts of this case, we need not address Valdes v. Lambert, 568 So.2d 117 (Fla. 5th DCA 1990), which held that child support can be awarded only from the date a paternity action is filed.
Finally, we affirm the trial court’s order that the appellant secure health insurance for the child. We do not read section 742.031, Florida Statutes (1989), as prohibiting a trial judge from awarding any natural child health insurance benefits flowing from its natural parent. Moreover, the father admitted that he can add the child to his employer provided health insurance.
Consequently, we affirm the finding of paternity and remand for recalculation of the child support award in accordance with this opinion.

. In this regard, we note that if required to review this case applying the section 61.30 guidelines, we would be compelled to recognize and agree with Judge Zehmer’s special concurrence in Waldon v. Johnson, 561 So.2d 1342 (Fla. 1st DCA 1990), inasmuch as it disapproves of the guidelines’ failure to recognize the cost of providing for the parent’s children other than those for whom the parent is making court ordered child support payments.

. Upon remand, the trial judge should ascertain whether or not the deceased mother's estate has or needs a personal representative to oversee collection and disbursement of the retroactive child support payments to which the mother’s estate is entitled. It should be pointed out that payments will accrue to the estate whether or not the appellant father gains custody of the child as he now seeks.