712 So.2d 1225 (1998)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Sharon L. CARBONARO, Appellant,
v.
Michael J. CARBONARO, Appellee.
No. 96-01194.
District Court of Appeal of Florida, Second District.
June 26, 1998.
*1226 Geraldyne H. Carlton and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellant.
No brief filed on behalf of Appellee.
ALTENBERND, Judge.
The Department of Revenue, on behalf of Sharon L. Carbonaro, appeals an order establishing support owed by Michael J. Carbonaro for his three children. The trial court ordered support retroactive only to the date the father was served, and not to the date the petition was filed. We reverse the trial court's decision because the factual issues relating to the question of retroactivity were never tried.
In 1982, Mr. and Mrs. Carbonaro were married in Hancock County, Mississippi. They have had three children, all of whom were born in Florida. In 1990, Mrs. Carbonaro returned to Mississippi with the children, and Mr. Carbonaro remained in Florida. The couple never divorced.
In October 1991, the Department of Health and Rehabilitative Services filed a Uniform Reciprocal Enforcement Support Act petition on behalf of Mrs. Carbonaro and the three children. Although the Department made attempts to serve Mr. Carbonaro, it was unsuccessful until March 16, 1995. When Mr. Carbonaro answered the petition, he objected to retroactive child support prior to the date of service on the ground that Mrs. Carbonaro had absconded with the children.
A hearing was conducted before a child support hearing officer in July 1995. Mr. Carbonaro claimed that since April 1990 he had "continuously" tried to locate his children. Mrs. Carbonaro did not attend the hearing, but the record reflects that when she left Florida, she had returned to the county in Mississippi where the couple had been married. Thus, Mr. Carbonaro's efforts to locate his children are open to question.
The hearing officer concluded that the issue of retroactivity was sufficiently complex that he should not decide the issue. His proposed order merely reserved the question and referred the matter for resolution by the trial court. Although he did not decide the *1227 issue of retroactivity, the proposed order contained a few findings of fact relating to this issue. When the trial court received the proposed order, it entered judgment pursuant to Florida Rule of Civil Procedure 1.491(f). The Department moved to vacate the judgment within ten days because the retroactivity issue had not been resolved, contending the proposed order should contain no findings relevant to the issue that had been returned to the trial judge. In October 1995, the trial court declared that it could not substitute its findings for those of the hearing officer, and in December it entered an order requiring child support to be paid only from the date of service. The December order was entered prior to the filing of a transcript of the hearing before the child support hearing officer. The Department appeals the December order.
In assessing the need for an additional evidentiary hearing in this case, it is helpful to identify the true nature of the issue that must be decided in the trial court. It is common to refer to an order awarding child support for any period prior to the date of the order as a "retroactive" award of support. In the context of a modification of an existing child support order, where the earlier judgment required a specific payment for a given month and a new judgment requires a higher payment for that same month, it may be arguable that the new judgment retroactively changes the law of the case. See Bloom v. Bloom, 503 So.2d 932 (Fla. 4th DCA 1987) (order granting modification of child support normally effective from date petition is filed). When a parent simply is not paying child support, the issue is not one of legal retroactivity. Rather, the issue is the extent to which the law will enforce, or conversely, excuse the past due obligations. Child support is a right which belongs to the child. See Imami v. Imami, 584 So.2d 596 (Fla. 1st DCA 1991). It is not an obligation imposed by one parent on the other for the benefit of an adult, but is a dual obligation owed by both biological parents to their child from the moment of the child's birth. See Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). When one or both parents fail to provide support to a child, for many practical reasons the law may limit the recovery of support in a judgment to a shorter term than the total period of default. A child support order, however, is never retroactive in the sense that it imposes a duty to pay for a period prior to a time when the legal and moral obligation existed.
Thus, the issue in this case is not whether Mr. Carbonaro had a legal obligation to support his children from the time he stopped providing for them in 1990, but whether laches, estoppel, or some other proper basis exists to limit his obligation to a shorter period. See Beal v. Beal, 666 So.2d 1054 (Fla. 1st DCA 1996); Golden v. Lewis, 647 So.2d 979 (Fla. 2d DCA 1994); Hoffman v. Foley, 541 So.2d 145 (Fla. 3d DCA 1989); Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982); Warren v. Warren, 306 So.2d 197 (Fla. 1st DCA 1974). If the mother truly absconded with the children, for example, that could be a basis to limit the recovery of child support. See State, Dep't of Revenue By Taylor v. David, 684 So.2d 308 (Fla. 1st DCA 1996).
We are not convinced that Mrs. Carbonaro has ever received her day in court on this issue. It would appear the hearing officer intended that the trial court conduct a full evidentiary hearing with input from both sides before deciding the matter, and the trial court concluded that it should decide the issue on the limited proceedings before the hearing officer. We express no opinion on the ultimate outcome, but conclude that this issue must be tried before it is decided.
Reversed and remanded.
THREADGILL, A.C.J., and FULMER, J., concur.