717 So.2d 1103 (1998)
Sharon JOHNS, Appellant,
v.
Donald RICHARDS, Appellee.
No. 97-4134.
District Court of Appeal of Florida, Fourth District.
September 23, 1998.
Sara Alijewicz and Kevin L. McNamara of Legal Aid Society of Palm Beach County, West Palm Beach, for appellant.
Alan R. Crane of the Law Offices of Alan R. Crane, West Palm Beach, for appellee.
WEINSTEIN, PETER M., Associate Judge.
Appellant is the mother and Appellee is the father of a daughter who was three years old at the time this paternity action was filed. We reverse the trial court's judgment ordering Appellee to pay retroactive child support from the date the complaint was filed to the date the temporary relief order was entered and remand for the trial court to recalculate the amount of child support retroactive to the date of the child's birth.
Appellee asked this court to adopt the Fifth District Court's holding that retroactive child support in paternity cases is based on a theory of reimbursement. See Williams v. Johnson, 584 So.2d 90 (Fla. 5th DCA 1991). We find, instead, that this case is controlled by section 61.30(17), Florida Statutes (1997), which became effective on July 1, 1997, and which states as follows:
In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside *1104 together in the same household with the child, regardless of whether that date precedes the filing of the petition. In determining the retroactive award in such cases, the court shall consider the following:
(a) The court shall apply the guidelines in effect at the time of the hearing subject to the obligor's demonstration of his or her actual income, as defined by § 61.30(2), during the retroactive period. Failure of the obligor to so demonstrate, shall result in the court using the obligor's income at the time of the hearing, in computing child support for the retroactive period.
(b) All actual payments made by the noncustodial parent to the custodial parent or the child or third parties for the benefit of the child throughout the proposed retroactive period.
(c) The court should consider an installment payment plan for the payment of retroactive child support.
§ 61.30(17), Fla. Stat.(1997); 1997, Ch. 97-170, § 11, Laws of Fla. By adopting this language, the legislature made it clear that, in Florida, children born out of wedlock have the same right to support as children born in wedlock. Retroactive child support in all instances is to be calculated pursuant to the child support guidelines as applied to the parents' actual incomes during the retroactive period, and the beginning date for the calculation of retroactive child support is the date when the parents did not reside together in the same household with the child, rather than the date the petition was filed.
In this case, after Appellee stipulated to paternity, a hearing was held on the issue of child support, at which Appellant asked the trial court to award child support retroactive to the date of the child's birth. The trial court utilized the guidelines, but ordered Appellee to pay support retroactive only to the date of the filing of the petition. We hold that, because Appellant and Appellee have never lived together with the child, the trial court abused its discretion by not ordering child support retroactive to the date of the child's birth. Colston v. Green, 23 Fla. L. Weekly D793 (Fla. 1st DCA March 24, 1998); Girten v. Andreu, 698 So.2d 886, 888 (Fla. 3d DCA 1997)(child's needs begin at birth, and trial court abused its discretion in denying the mother's claim for retroactive support and the father's claim for retroactive credits).
On remand, the trial court may take guidance from Finley v. Scott, 707 So.2d 1112 (Fla.1998), in which our supreme court described the manner in which a trial court properly exercises its discretion under the child support guidelines, section 61.30, Florida Statutes (1997), and held that the guidelines create a presumption of appropriate child support which is rebuttable. Although Finley concerned future child support, the same principles apply when the guidelines are utilized to calculate retroactive child support. The supreme court explained that
a trial court is to begin its determination of child support by accepting the statutorily mandated guideline as the correct amount. The court is then to evaluate from the record the statutory criteria of the needs of the child, including age, station in life, and standard of living, the financial status and ability of each parent, and any other relevant factors. If the trial court then concludes that the guideline amount would be unjust or inappropriate and also determines that the child support amount should vary plus or minus five percent from the guideline amount, the trial court must explain in writing or announce a specific finding on the record as to the statutory factors supporting the varied amount. Absent an abuse of discretion as to the amount of the variance, the trial court's determination will not be disturbed on appeal if the calculation begins with the guideline amount and the variation is based upon the statutory factors.
Id. at 1117.
The established facts in this case are as follows: Approximately one month after the child was born, Appellant informed Appellee that he was probably the father. They discussed having a blood test to determine the child's paternity, but neither of them pursued the matter at that time. When the child was five months old, Appellant, who had been living with her mother, moved with the child out of state, and Appellee did not know where the child was for over a year. Since the child was born, Appellee has been steadily employed, and Appellant has held a number *1105 of low-paying jobs. She and the child have received no financial support or other assistance from Appellee, even though Appellant initially asked him for help. They have, however, received a variety of familial, state, and federal assistance, some of which Appellee might be held legally responsible for reimbursing.[1]See § 409.2561, Fla. Stat. (1997).
Finley makes it clear that a trial court has discretion to deviate from the guideline amount to assure that the father's child support obligation is reasonable, equitable, and just.[2]Finley, 707 So.2d at 1115-16 (holding that a trial court is not bound to mathematically apply the guidelines, because section 61.30(11)(k) allows for an equitable adjustment of the guideline amounts based on the facts and circumstances of a particular case). Therefore, on remand, the trial court may, in its discretion, consider the above facts and circumstances in determining the appropriate amount of retroactive child support.
In this case, the trial court explained that it was denying retroactive child support from the child's date of birth to the date the petition was filed, because Appellant had failed to prove the amounts she had provided for the child as well as the amounts of assistance which had been provided to the child by other persons and governmental agencies which Appellee might be required to reimburse. We agree that the mother in a paternity action has the burden of establishing not only her income for the relevant period, but also other relevant facts, such as where the child has resided, who has taken care of the child, and what additional private or public resources have been utilized to provide for the child. Placing this burden on the mother is appropriate, because such information is solely and readily available to the mother, and the trial court cannot properly exercise its discretion in setting the amount of child support without it. See Finley, 707 So.2d at 1118 (Anstead, J., specially concurring and citing Miller v. Schou, 616 So.2d 436, 438-39 (Fla.1993), for the proposition that the point of financial disclosure is to ensure that the trial court will have enough information to allow it to make an informed decision as to the child's right to support).
We hold, however, that Appellant met that burden in this case by presenting sworn testimony and financial affidavits. Although formal documentation in the form of receipts and expenditures is preferred, it is not strictly required, because the analysis of the needs of the child begins with the statutorily mandated guideline amount which is mathematically derived from the incomes of the parents. Finley, 707 So.2d at 1117. While the mother's actual expenditure for the needs of the child is evidence the trial court should weigh in determining whether to vary the amount from the guideline formula, id. at 1116, it would be inequitable to base the "needs" of the child solely on what the mother was able to spend. Id. at 1117 (citing favorably Judge Sharp's disssent in Finley v. Scott, 687 So.2d at 345). Furthermore, it would not be in the best interest of the child to deny her the support of her father, because her mother lacked the foresight to keep detailed records.[3]See State Dept. of Revenue v. Ortega, 682 So.2d 589, 590 (Fla. 2d DCA 1996)(citing accord with de Jesus Paris v. Bollon, 503 So.2d 1387, 1388 (Fla. 4th DCA 1987), on the principle that the best interest of the child is the key to Florida family law jurisprudence).
We dispose of the other issues raised in this case as follows: Appellant is correct in arguing that the trial court's written order is *1106 clearly in error in its mathematical calculation of the dollar amount of the retroactive child support. On remand, the trial court shall recalculate the entire retroactive child support award. Appellant's remaining issue concerning future child support is without merit, because the written order conforms to the requirements of section 61.30, Florida Statutes (1997). Appellee has raised a defense of laches. Under the facts of this case, laches clearly do not lie.
Reversed in part. Affirmed in part. Remanded for reconsideration and recalculation of retroactive child support.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] Under other circumstances, a father may not even be aware that he has a child he is obligated to support until after the child is an adult. § 95.11(3)(b), Fla. Stat. (1997)(action to determine paternity may be brought up until four years after the child has reached majority). Arguably, under such circumstances, a father could be required to provide retroactive support covering 18 years. § 61.30(17), Fla. Stat. (1997).
[2] In cases where the appropriate amount of child support is more than the child actually needs to spend on current living expenses, the father may move to have a legal guardian appointed by the probate court in accordance with chapter 744, Florida Statutes (1997), and the trial court may protect the minor's assets by ordering payment to the guardian. Finley, 707 So.2d at 1117-18.
[3] Where the information provided by the mother is inadvertently incomplete, subsequently identified responsibility on the part of the father to reimburse others for the care of the child may be addressed on motion for modification.