746 So.2d 1234 (1999)
Joseph McMILLIAN, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, By and on Behalf of Patricia A. SEARLES, Appellee.
No. 99-926.
District Court of Appeal of Florida, First District.
December 29, 1999.
*1235 Patrick L. Jackson of Chase, Quinnell, McIver, Jackson and Marks, Pensacola, for Appellant.
Sharon C. Greenberg and Diane H. Tutt, P.A., Plantation, for Appellee.
JOANOS, J.
This appeal concerns the trial court's denial of appellant's request for reconsideration of the amount of past child support owed by him. The issue is whether the July 1, 1998, amendment to section 61.30(17), Florida Statutes, is remedial and thus not within the general rule against retrospective operation of statutes. For the reasons expressed below, we affirm the decision of the trial court.
On December 4, 1995, a final judgment of paternity was rendered, determining that appellant is the legal and natural father of Deavis N. Searles, born February 18, 1980. The record reflects that since 1980, the child's mother has claimed appellant is the father of her child. On June 24, 1995, pursuant to court order, appellant submitted to DNA testing. The paternity evaluation laboratory report shows a 99.89% probability that appellant is the father of the child. On December 13, 1996, a support order was filed, directing appellant to pay child support in the amount of $113.36 on the first and fifteenth day of each month, beginning December 15, 1996. A contemporaneous income deduction order was entered to that effect.
On September 23, 1998, a "Past Child Support Order" was filed. The order reflects that the child had then reached the age of majority. The hearing officer found that a paternity action was first initiated in 1980, shortly after the child was born. Appellant retained a lawyer and denied paternity. The case was deferred and then dismissed by the court for lack of prosecution. The state initiated a second paternity referral in 1987, but the outcome was not known. In 1993, a third paternity referral was initiated, which resulted in the present case. Although appellant again denied paternity, paternity was established by genetic testing. The hearing officer further found:
Thus, Joseph McMillan had knowledge that Patricia A. Searles was claiming that he was the child's father since 1980. This case falls squarely within Fowhand v. Piper, 611 So.2d 1308 (Fla. 1st DCA 1992), in which the appellate court declared that the duty of support began at *1236 the child's birth, regardless of when paternity was established.
The past child support was established based on income information received from appellant's employer, using the child support guidelines. The order states in part:
1. Past Support: The past support obligation of Joseph McMillan is hereby established at $71,426.00 as of September 18, 1998. Owed to State of Florida: $3,200.48. Owed to Patricia A. Searles: $68,225.52. The past support accrues interest at the statutory judgment rate (as adjusted from time to time) on the unpaid balance from the date the unpaid child support became due until paid.
On September 23, 1998, the circuit court entered an income deduction order directing appellant's employer to deduct the amount of $355.25 from appellant's earnings on the fifteenth and thirtieth of each month. Appellant disagreed with the hearing officer's ruling, and sought rehearing. On March 4, 1999, the circuit court filed "Order on Defendant's Motion to Vacate." The issues before the court were: (1) whether the support order and past child support order should be modified to reflect that deductions from appellant's earnings should not exceed fifty-five percent of his disposable earnings, rather than the sixty-five percent then reflected; and (2) whether section 61.30(17), Florida Statutes, which limits retroactive child support to the 24-month period preceding the filing of a petition, is applicable to this case. The court ruled:
A. All Orders of this Court and supporting documents thereto shall be amended to reflect that the Defendant's employer may not deduct more than fifty-five percent (55%) of the disposable earnings of the Defendant or of any bonus or other lump sum payment due the Defendant.
B. The Court finds that, based on the Petition in this matter being filed prior to the effective date of Section 61.30(17), Florida Statutes (1998), July 1, 1998, as well as the minor child being born prior to the effective date, Section 61.30(17) as amended does not apply to these proceedings and the Defendant's request for a reconsideration of the amount of past support determined to be owed by him is denied.
The statute applicable, 61.30(17), Florida Statutes, provides in pertinent part:
(17) In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to aware child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition. (Emphasis supplied).
The underscored portion of the subsection was added in 1998, with an effective date of July 1, 1998. See Ch. 98-397, § 11, Laws of Fla. Prior to the 1998 amendment, child support could be made retroactive to the date of the child's birth, without regard to the intervening years between the date of the child's birth and the determination that such support was due. See Fowhand v. Piper, 611 So.2d 1308, 1312 (Fla. 1st DCA 1992). Although laches sometimes barred such claims, depending upon the underlying circumstances, public policy precluded a parent from avoiding his or her obligation of support for a minor child. See id. This is because child support is a right which belongs to the child. See Imami v. Imami, 584 So.2d 596 (Fla. 1st DCA 1991). Support is a dual obligation owed by both biological parents to their child from the moment of the child's birth. See Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). See also State, Department of Revenue ex rel. Carbonara v. Carbonaro, 712 So.2d 1225 (Fla. 2d DCA 1998)("A child support order ... is never retroactive in the sense that it imposes a duty to *1237 pay for a period prior to a time when the legal and moral obligation existed.").
"The general rule [of statutory construction] is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively." See Life Care Centers v. Sawgrass Care Center, 683 So.2d 609, 613 (Fla. 1st DCA 1996), quoting State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61 (Fla. 1995). "Statutes that relate only to procedure or remedy generally apply to all pending cases," but a substantive law that interferes with vested rights will not be applied retrospectively. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 477 (Fla.1995). Substantive statutes either create or impose a new obligation or duty, or impair or destroy existing rights. See Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). Consequently, an act designed to serve a remedial purpose will not be applied retroactively, when it is clear that doing so "would attach new legal consequences to events completed before its enactment." See Arrow Air, Inc. v. Walsh, 645 So.2d 422, 425 (Fla. 1994). See also Hassen v. State Farm Mutual Automobile Insurance Co., 674 So.2d 106, 108 (Fla.1996)(court will not divine intent that new law be applied to disturb existing duties when there is no express indication that such is legislature's intent). Accord Heberle v. P.R.O. Liquidating Company, 186 So.2d 280, 282 (Fla. 1st DCA 1966).
Because the amendment to section 61.30(17) limits a child's right to past parental support, the amendment is primarily substantive in nature and thus may not receive retroactive application. In this regard, appellant's reliance on Walworth v. Klauder, 615 So.2d 219 (Fla. 5th DCA 1993), is misplaced. In Klauder, the court found the thrust of the revision to section 743.07(2) was to clarify the extent and scope of a parent's obligation to pay child support past the child's eighteenth birthday. Unlike Klauder, this case concerns a parent's obligation for past support, which obligation existed well before the effective date of the amendment to section 61.30(17), Florida Statutes.
Accordingly, we affirm the trial court's ruling in all respects.
WOLF and BENTON, JJ., CONCUR.