752 So.2d 687 (2000)
Benjamin HORN, Appellant,
v.
FLORIDA DEPARTMENT OF REVENUE on behalf of Valerie ABEL, Appellee.
No. 3D99-611.
District Court of Appeal of Florida, Third District.
February 9, 2000.
Rehearing Denied March 29, 2000.
*688 Pollack & Rosen, and Mark Pollack, Coral Gables, for appellant.
Robert A. Butterworth, Attorney General, and Jon J. Johnson, Assistant Attorney General, for appellee.
Before GERSTEN, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Benjamin Horn appeals a final judgment of paternity that awards child support retroactive to the date of the child's birth. We affirm.
We cannot adopt Horn's argument that the amendment to section 61.30(17), effected by chapter 98-397, section 11, at 3030, Laws of Florida,[1] which became effective July 1, 1998, during the pendency of these proceedings, should apply to this case. The Florida Department of Revenue filed its petition against Horn in June 1997. This filing preceded the July 1, 1997, effective date for the adoption of subsection 17 to section 61.30. Ch. 97-170, § 11, Laws of Fla. Therefore, we hold that any award of support based either on section 61.30(17) itself,or on the 1998 amendment to section 61.30(17), would be error.
Florida courts have consistently held that section 61.30 cannot be applied retroactively to cases filed prior to the statute's effective date. See Martinez v. Agostini, 579 So.2d 280 (Fla. 3d DCA 1991); Trager v. Trager, 541 So.2d 148 (Fla. 4th DCA 1989). This conclusion rests on the reasoning that the initial enactments of these subsections create new rights and liabilities, and, therefore, are appropriately applied only prospectively. See Reed v. Reed, 597 So.2d 936, 937 (Fla. 1st DCA 1992). For the same reasons, subsection 17 is also not susceptible to retroactive application.
"It is a well-settled rule of construction that in the absence of clear legislative expression to the contrary, a law is presumed to operate prospectively. This rule applies with particular force to those instances where retrospective operation of the law would impair or destroy existing rights." State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983); Alamo Rent-Car v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). The original enactment of subsection 17 significantly curtailed existing common law rights. See generally McMillian v. Department of Revenue, 746 So.2d 1234 (Fla. 1st DCA 1999). Under common law, a child was entitled to support retroactive to the date of birth. See Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990); Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983)(error not to award child support for child born out-of-wedlock retroactive to date of birth). See also Department of Health & Rehab. Servs. v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992)(duty to pay support can be based on common law or statute). Subsection 17 permits the trial court to award child support retroactive to "the date when the parents did not reside together." § 61.30(17), Fla. Stat. (1997). This may or may not be the child's date of birth. Hence, by adopting subsection 17, the legislature withdrew or curtailed this right. This action classifies the statute as substantive, not procedural. See Walker & LaBerge v. Halligan, 344 So.2d 239 (Fla. 1977). Such a statute should not be retroactively applied. Based on this reasoning, it would have been error to enter an award under the provisions of subsection *689 17, or its 1998 amendment. See McMillian. Therefore, the trial court properly awarded the support retroactive to the date of the child's birth.
Notwithstanding the foregoing, we agree with Horn's assertion that the judgment conflicts with the oral pronouncements at the hearing. The judgment states that execution shall issue for the full amount of support, and does not mention the payment plan Horn was afforded. We agree that this is a discrepancy. Hence, we remand with instructions to correct the judgment to reflect the monthly payment plan.
Affirmed; remanded with instructions.
NOTES
[1] Pursuant to the amendment, section 61.30(17) provides:

In an initial determination of child support,... the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing or the petition. ...
Ch. 98-397, § 11, at 3030, Laws of Fla. (emphasis denotes language added in amendment).