COBB, J.
The issue on this appeal deals with the correct computation of child support where the lower court modified an earlier final judgment of paternity.
On January 10, 1996, James Stokes, Jr. filed a petition for an adjudication of paternity pursuant to Chapter 742, Florida Statutes. Stokes alleged that he believed he was the natural father of a minor child born on August 19, 1995. The natural mother was appellee, Linda Huelsman. On July 16, 1996, the trial court established Stokes to be the natural father. A settlement agreement was filed and incorporated into the “Final Judgment of Paternity” filed on the same date. As part of the final judgment Stokes was ordered to pay $410.00 per month in child support and an arrearage was ordered in the amount of $2,206.53.
*702 Over two years later, Stokes filed a supplemental petition for modification of visitation and other relief. Basically, Stokes claimed problems with visitation and wished to have visitation expanded. On Novémber 24, 1998, Huelsman filed a response and counterpetition for modification requesting, among other things, that child support be increased. On December 21, 1999, the lower court entered a final order modifying the final judgment of paternity.
On appeal, Stokes initially contends that the trial court erroneously calculated his new child support obligation by utilizing an entire child care amount instead of 75% as mandated by Florida Statutes. Secondly, Stokes argues that since the counterpetition for modification was filed on November 24, 1998, the lower court erred in ordering an increased amount of child support retroactive to December 20,1997..
Pursuant to Chapter 742, parents owing a duty of support to a child must pay support according to section 61.30, Florida Statutes. Section 61.30 clearly distinguishes between an initial proceeding and a proceeding for modification. In regard to child care costs, they must be reduced by 25% before being added to the basic child support obligation. § 61.30(7), Fla. Stat. The language here is not ambiguous. Thus, in the instant case the trial court erred by including the full $217.00 of child care costs in the statutory obligation.
The amount of the retroactive child support was to cover a period two years prior to the judgment and was in. the amount of $8,332.00. Stokes correctly contends that there is no authority for the trial court to enter an order in a modification proceeding as opposed to an initial action for an award of child support which is retroactive prior to the filing of the petition.
Section 61.30(17) reads in pertinent part:
In an initial determination of child support ... in a paternity action ... the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition. (Emphasis supplied).
Thus, the trial court erred in utilizing section 61.30(17) for a modification proceeding involving child support.[1] The effective date for the modification was when Huelsman filed her counterpetition. Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972); Berger v. Berger, 559 So.2d 737 (Fla. 5th DCA 1990).
While the trial court was within its discretion in finding a substantial financial change in circumstances, the computation of current and past child support must be recalculated. Accordingly, we reverse the final order modifying the final judgment of paternity and remand.
REVERSED AND REMANDED.
PETERSON and SAWAYA, JJ„ concur.

. For examples of retroactive child support awarded in an initial proceeding for child support, see Horn v. Florida Department of Revenue, ex rel. Abel, 752 So.2d 687 (Fla. 3d DCA 2000)(final judgment of paternity awarded child support retroactive to the date of the child's birth); Johns v. Richards, 717 So.2d 1103 (Fla. 4th DCA 1998); Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990)(in paternity action the trial court did not abuse its discretion in ordering child support retroactive to the date of birth).