791 So.2d 581 (2001)
POLK COUNTY BOCC and Commercial Risk Management, Appellants,
v.
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, STATE OF FLORIDA, Appellee.
No. 1D00-2527.
District Court of Appeal of Florida, First District.
August 10, 2001.
Nancy L. Cavey, St. Petersburg; Susan W. Fox and Brendan M. Lee of Macfarlane *582 Ferguson & McMullen, Tampa, for Appellants.
Marian Alves and Lorraine M. Novak, Counsel, Special Disability Trust Fund, Tallahassee, for Appellee.
ERVIN, J.
Polk County BOCC and Commercial Risk Management (employer/carrier) appeal the denial of their application for reimbursement from the Special Disability Trust Fund (Fund). They argue that the judge of compensation claims (JCC) erred in ruling that because the employer had failed to file a proof of claim within one year after July 1, 1997, as required by section 440.49(7)(c), Florida Statutes (1997), the claim for reimbursement was statutorily barred. We affirm.
The pertinent statute in effect at the time of the employee's injury in 1996 was section 440.49(7), Florida Statutes (Supp. 1996), which permitted the employer to file a notice of claim for reimbursement with the Fund no later than "2 years after the date the employee last reached maximum medical improvement, or within 2 years after the date of the first payment of compensation for permanent total disability... whichever is later." On March 6, 1996, shortly after the occurrence of the employee's injury, the employer sent the following letter to the Fund:
This is to inform you of our intent to file a claim against the Special Disability Trust Fund, in regard to the above captioned case in accordance with 440.49(2). Additional evidence supporting our claim will be forthcoming at the proper time. Thank you for acknowledging our claim.
The Fund thereafter responded to the employer's letter, saying:
This is to acknowledge receipt of your Notice of Claim.... Please prepare and file your Proof of Claim.
In 1997, the legislature amended section 440.49(7) by adding paragraph (c), among other provisions, to state in part:
(c) A proof of claim must be filed on each notice of claim on file as of June 30, 1997, within 1 year after July 1, 1997, or the right to reimbursement of the claim shall be barred. A notice of claim on file on or before June 30, 1997, may be withdrawn and refiled if, at the time refiled, the notice of claim remains within the limitation period specified in paragraph (a). Such refiling shall not toll, extend, or otherwise alter in any way the limitation period applicable to the withdrawn and subsequently refiled notice of claim.
On January 29, 1998, the employee reached maximum medical improvement, and the employer accepted her as permanently and totally disabled and began paying indemnity benefits as of that date. The employer filed its proof of claim on February 3, 1999, but the Fund rejected it as untimely, because it was filed more than one year after July 1, 1997, as required by section 440.49(7)(c).
The employer initially contends that the JCC erred in construing the letter it sent to the Fund in 1996 as a notice of claim; instead, it urges, it was only a letter of intent to file a future notice of claim. We cannot agree. The judge correctly ruled that nothing in subsection (7)(a) precludes an employer/carrier from early filing a notice of claim, but rather the provision establishes deadlines for filing. It appears from the evidence that both parties considered the letter as a notice of claim, and we note, most significantly, that if the employer had seriously considered the letter not to constitute a valid notice, it would have attempted to file such notice before filing its proof of claim, but did not.
*583 The employer next argues that if the notice is considered valid, the one-year limitation period provided in section 440.49(7)(c) for filing a proof of claim could not constitutionally have retroactive application to an accident that occurred before the effective date of the amendment, because it established a shorter limitation period than that which had earlier existed.[1] Again we are unable to agree. Although an amendment to a statute of limitations cannot extinguish an existing claim, it can, consistent with due process, shorten the limitation period applicable to the prior claim if the intent to make the amendment retroactive is clearly expressed, and if a reasonable time is allowed within which to seek enforcement of such claim. See In re Estate of Jelley, 360 So.2d 1313 (Fla. 2d DCA 1978). Accord Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla.1978) (one-year period to bring suit, thereby shortening prior time of limitation, was reasonable, thus did not offend the access-to-courts provision in the Florida Constitution). See also H & F Land, Inc. v. Panama City Bay County Airport & Indus. Dist., 736 So.2d 1167 (Fla.1999); Ruhl v. Perry, 390 So.2d 353 (Fla.1980).
With regard to notices of claim on file as of June 30, 1997, subsection (7)(c) furnished an employer a one-year window in which to file a proof of claim. If the employer could not supply the information required for a proof of claim, the employer had the option of withdrawing its prior notice before July 1, 1998, and refiling it, if the time for filing such notice provided in subsection (7)(a) had not yet expired. In the case at bar, Polk County had the right to exercise either option. Once its notice of claim matured on January 29, 1998, it could have timely filed its proof of claim by July 1, 1998, or it could have withdrawn its notice before July 1, 1998, and thereafter refiled it within the two-year limitation period provided in 440.49(7)(a), by January 29, 2000. In our judgment, the amendment provided both a clear legislative expression to apply retroactively to notices of claim filed before its effective date, as well as a reasonable time in which to take the prescribed action.
AFFIRMED.
WEBSTER and BENTON, JJ., CONCUR.
NOTES
[1] The JCC correctly noted that she did not have jurisdiction to decide the constitutional issue. See Sasso v. Ram Prop. Mgmt., 431 So.2d 204 (Fla. 1st DCA 1983), approved, 452 So.2d 932 (Fla.1984).