FARMER, J.
An unmarried mother gave birth to a child in 1987. Six years later, she attempted to sue the father to establish paternity and appropriate child support, but she was unable to serve him with process. She tried again in 1996, with the same result. Finally in 1999 through the Department of Revenue she tried again and this time was able to effect service of initial process. In fixing the amount of retroactive support, the trial court limited the period to the two years immediately preceding the last effort at suit in 1999. On appeal mother argues that the two year period should be measured from her first attempt at suit in 1993. We agree and reverse.
Section 61.30(17) provides that:
“In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.”
§ 61.30(17), Fla. Stat. (2000). We agree with the mother’s interpretation of this provision. The statutory locution “date precedes the filing of the petition” should be understood to mean the filing of mother’s first attempt. The fact that she was unsuccessful in effecting service of process is immaterial to the meaning of this statutory text. Even if it could be deemed ambiguous, we would necessarily interpret it in favor of that construction broadly favoring support for the child, rather than in a limiting way.
We therefore reverse the order and remand with instructions to amend the award of retroactive support to a date two years before the mother’s filing in 1993.
TAYLOR, J., and MAY, MELANIE, G., Associate Judge, concur.