PARKER, Acting Chief Judge.
Theresa Noelle Ponce (the mother) appeals a final judgment of paternity and contests the trial court’s award of primary residential responsibility of the child to Gary Minda (the father). The mother also challenges the trial court order regarding visitation and child support. We affirm on all issues except the trial court’s denial of retroactive child support to the mother.
The father claims that the denial of retroactive support is justified based on lach-es and equitable estoppel because he expended substantial expenses in finding the mother and establishing his parental rights. We conclude that this is not a case of laches when the mother sought retroactive support when the child was seven months old. See Johns v. Richards, 717 So.2d 1103 (Fla. 4th DCA 1998) (stating that doctrine of laches was inapplicable where the mother filed a paternity petition when the child was three years old, the mother had moved out of state with the child for a year, and the father did not know where they were during that time). Furthermore, in Gore v. Peck, 26 Fla. L. Weekly D2481 (Fla. 2d DCA Oct.12, 2001), this court held that the denial of visitation rights did not justify a denial of retroactive support. Therefore, we reverse the denial of retroactive support and remand for the trial court to determine the amount of retroactive support.
For the purposes of remand, we note that section 61.30(17)(a), Florida Statutes (2000), provides that in considering the amount of retroactive support, the trial court shall apply the child support guidelines. In Johns, the Fourth District recognized, however, that under section 61.30(17) the “trial court has discretion to deviate from the guideline amount to assure that the father’s child support obligation is reasonable, equitable, and just.” 717 So.2d at 1105 (footnote omitted). Section 61.30(17)(b) requires that the trial court also consider the payments the noncustodial parent made during the retroactive period in determining the amount of the retroactive award.
Affirmed in part, reversed in part, and remanded to the trial court to determine the amount of retroactive child support to be awarded to the mother.
SALCINES and STRINGER, JJ., Concur.