PER CURIAM.
Larry Barnett (the husband) appeals from a final order that denies his claim against Susan Barnett (the wife) for retroactive child support. We reverse and remand for further proceedings.
The parties’ long and contentious dissolution proceedings, both here and in Tennessee where the husband lives with the parties’ three children, began in 1995. See Barnett v. Barnett, 787 So.2d 946 (Fla. 2d DCA 2001); Barnett v. Barnett, 727 So.2d 311 (Fla. 2d DCA 1999); Barnett v. Barnett, 718 So.2d 302 (Fla. 2d DCA 1998); Barnett v. Barnett, No. 01A01-9605-CH-00228, 1998 WL 787043 (Tenn.Ct.App. Nov. 13, 1998). The only issue before us now is child support. It appears that the trial court’s ruling on the wife’s retroactive support obligation was complicated by at least two factors. First, the husband had taken the children from Florida to Tennessee in 1996, in violation of a Florida court order. Second, the parties dispute the amount of the alimony arrearage the husband owes to the wife, which is a matter that apparently will be resolved in the Tennessee proceedings.
On August 1, 1997, the trial court conducted a hearing that resulted in a temporary custody order naming the husband as the temporary primary residential parent of the children. The temporary custody order reserved jurisdiction to award child support. Ultimately, the trial court rendered an amended final judgment on March 30, 2000, which named the husband as primary residential parent. On May 11, 2000, the husband filed a motion to set the wife’s child support obligation regarding retroactive child support for the period from August 1, 1997, as well as prospective child support. At the hearing on the motion, the trial court stated that it was denying the request for retroactive support “because of the financial affidavits of the parties.” The court entered an order granting the husband prospective child support of $888 per month from December 1, 2000, but denying the husband’s request for retroactive child support for the period of August 1, 1997, to November 30, 2000.
Child support “is not an obligation imposed by one parent on the other for the benefit of an adult, but is a dual obligation owed by both biological parents to their child from the moment of the child’s birth.” Dep’t of Revenue ex rel. Carbonaro v. Carbonaro, 712 So.2d 1225, 1227 (Fla. 2d DCA 1998). In Carbonaro, this court pointed out that the issue was “not whether Mr. Carbonaro had a legal obligation to support his children from the time he stopped providing for them in 1990, but whether laches, estoppel, or some other proper basis exists to limit his obligation to a shorter period.” Id.
Here, the trial court made no findings to support its decision to deny the children’s right to retroactive support. The mother was employed at the time of the hearing and was employed during the retroactive period. The trial court’s statement at the hearing that it was denying retroactive support based on the parties’ financial affidavits does not justify its ruling because the court awarded prospective support based on those same financial affidavits. Therefore, we reverse the trial court’s order to the extent that it denies retroactive *1205 child support to the husband and remand for further proceedings. We express no opinion as to whether the wife’s obligation for retroactive child support should be affected in any manner by the complications of the proceedings.
Reversed and remanded.
ALTENBERND, WHATLEY, and DAVIS, JJ., Concur.