PER CURIAM.
The Special Disability Trust Fund appeals an order of the Judge of Compensation Claims granting the employer/servicing agent’s claim for reimbursement from the Fund. The Fund contends that the JCC erred in finding that the employer/servicing agent’s claim was timely under section 440.49(7)(c), Florida Statutes. We agree and reverse.
Section 440.49(7)(c), Florida Statutes (1997) states:
A proof of claim must be filed on each notice of claim on file as of June 30, 1997, within 1 year after July 1, 1997, or the right to reimbursement of the claim shall be barred. A notice of claim on file on or before June 30, 1997, may be withdrawn and refiled if, at the time refiled, the notice of claim remains within the limitation period specified in paragraph (a). Such refiling shall not toll, extend, or otherwise alter in any way the limitation period applicable to the withdrawn and subsequently refiled notice of claim. Each proof of claim filed shall be accompanied by a proof-of-claim fee as provided in paragraph (9)(d). The Special Disability Trust Fund shall, within 120 days after receipt of the proof of claim, serve notice of the acceptance of the claim for reimbursement. This paragraph shall apply to all claims notwithstanding the provisions of subsection (12).
In this case, the employer/servicing agent filed its notice of claim on June 25, 1997, but did not file its proof of claim until July 9, 1999. The employer/servicing agent’s actions failed to comply with the time limitations in section 440.49(7)(c). See Polk County BOCC v. Special Disability Trust Fund, 791 So.2d 581 (Fla. 1st *243 DCA 2001). Moreover, the employer/servicing agent failed to withdraw its notice of claim prior to the statutory deadline of July 1,1998. Therefore, the employer/servicing agent’s notice of claim and proof of claim which were refiled on July 20, 1999 were time barred. See Polk County. Consequently, the JCC erred in granting the employer/servicing agent’s claim for reimbursement.
ALLEN, C.J., WEBSTER and PADOVANO, JJ., concur.