POLEN, C.J.
Tara Houston and the Florida Department of Revenue (“DOR”), acting on her behalf, have timely appealed an order dismissing a petition seeking entry of a child support order under the Uniform Interstate Family Support Act (“UIFSA”). We hold this was error, and reverse and remand for the trial court to reinstate the UIFSA petition.
A paternity judgment was entered on March 7, 1995 declaring Louis Maglio to be the legal and natural father of Houston’s child, D.H., born in February of 1994. Maglio has lived in Florida at all relevant times. Although Maglio was ordered to pay the DOR back child support for expenditures made on Houston’s behalf, the paternity judgment did not order any pro *972 spective child support since Houston was not present at the final hearing to request it. Sometime thereafter, Houston turned up in Michigan with D.H. On May 23,1996, a default final judgment for child support of $115 a week was entered against Maglio by the Circuit Court of Genesee County, Michigan. Houston then returned to Florida, and in 1997 she filed a petition in the Palm Beach Circuit Court to register the Michigan support order in Florida, pursuant to UIFSA. § 88.6021, Fla. Stat. (1997). Maglio objected on the grounds the Michigan court had lacked personal jurisdiction over him to enter its support order. The court agreed and Houston’s petition to register the Michigan order was denied. § 88.6071(l)(a), Fla. Stat. (1998).
Armed with this order denying registration of the Michigan child support, Mag-lio’s local counsel contacted the Genesee County Friend of Court Child Support Unit and requested the reimbursement of $3,645.46 that had been garnished from his wages and withheld from his federal income tax refund. The Genesee County Support Unit responded that the Michigan order was still in effect, and that Maglio could challenge the validity of that order by petitioning the Genesee County court. As of November 7, 2001, Genessee County calculated Maglio’s support arrearages as $42,764.07.
Houston and D.H. next sought support in Nevada. She contacted the Nevada child support agency, and in July of 2001, Nevada forwarded a UIFSA petition to the Florida DOR, requesting they establish a child support order for D.H. by modifying the 1995 Florida paternity judgment. The DOR responded accordingly and filed a UIFSA petition requesting Florida establish a child support order by modifying the original paternity judgment. See §§ 88.3041, 88.3051, Fla. Stat. (2002). Maglio moved to dismiss this petition alleging, in pertinent part, that Houston should be estopped from seeking another support order for D.H. while the Michigan order was still in force. The court ultimately ruled in Maglio’s favor, holding the DOR was barred from moving on its petition until the Michigan “problem” was cleared up. The instant petition was dismissed and the DOR and Houston were granted leave to re-file once the Michigan support order was vacated and set aside. We hold this was in error.
Since none of the parties (Houston, D.H., Maglio) currently reside in Michigan, Michigan lacks “continuing exclusive jurisdiction” over its previously entered child support order. § 552.1224(l)(a), Mich. Stat. (2002); § 88.2051(4), Fla. Stat. (2002).[1] Since Michigan lacks “continuing exclusive jurisdiction,” Florida, the obligor’s home state, has jurisdiction to enter a child support order, and Florida’s order, once entered, will be deemed the controlling order. §§ 88.2051(l)(a) 88.2071(2)(c), Fla. Stat. (2002).[2] The previously entered *973 Michigan support order should not act as a bar to the entry of a support order in Florida, since Florida has jurisdiction over the obligor, and “continuing exclusive jurisdiction” to enter a support order. See generally Patricia W. Hatamyar, Interstate Establishment, Enforcement, and Modification of Child Support Orders, 25 OK-CULR 511, 561 (2000).
Once a Florida support order is entered, either party may request that Florida enter an order determining which support order controls, and a certified copy of that order may be filed with Michigan. § 88.2071(3)-(6). Any amounts paid under the Michigan order while the Florida order is in force must be credited against the Florida obligation. § 88.2091, Fla. Stat. (2002). If Maglio seeks to challenge entry of the Michigan order and his obligations under said order, he must bring that challenge in the Michigan courts. See Barr v. Barr, 749 A.2d 992 (Pa.Super.Ct.2000).
The order dismissing the UIFSA petition is therefore reversed, and the petition to establish a Florida support order for the benefit of D.H. is reinstated. The case is remanded for further proceedings.
REVERSED and REMANDED.
KLEIN and GROSS, JJ., concur.

. Florida and Michigan's UIFSA statutes mirror one another. As part of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, the federal government required all states to enact UIFSA by January 1, 1998. See 42 U.S.C. § 666(f) (1996).

. Florida’s jurisdiction arises from the fact the obligor, Maglio, currently resides in Florida (and Michigan lacks "continuing exclusive jurisdiction”). The proper vehicle for the establishment of a Florida child support order is an original UIFSA petition, not a petition to modify the 1995 paternity judgment (which did not award child support, or reserve jurisdiction to do such). To dismiss Houston’s and DOR's petition because it was incorrectly labeled a "Petition to Modify,” however, is to elevate form over substance. There is no due process deprivation as to Maglio. As such, the reinstated UIFSA petition shall be treated as an original petition to establish child support. Since the instant petition was filed after July 1, 1998, back support is only recoverable for a period up to twenty-four (24) months preceding the filing of said petition. *973 See Horn v. Fla, Dep't of Revenue ex rel. Abel, 752 So.2d 687 (Fla. 3d DCA 2000); § 61.30(17), Fla. Stat. (2002).