940 So.2d 1256 (2006)
Ricky E. MORRIS, Appellant,
v.
Tonda S. SWANSON, Appellee.
No. 1D05-6158.
District Court of Appeal of Florida, First District.
November 6, 2006.
*1257 Thomas E. Wheeler, Jr. of Stephen T. Holman, P.A., Pensacola, for Appellant.
Charlie Crist, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Citing section 61.30(17), Florida Statutes, Ricky E. Morris contends that he is responsible for child supportnot, as the trial court ruled, from October 17, 1988, the date of his daughter's birth, forward but only for the period since May 26, 1997, two years to the day before the child's mother, Tonda S. Swanson, filed her initial petition for child support. We reject this contention and affirm the order under review, which awards child support that has accrued since the date of the child's birth.
Mr. Morris asks us to hold, in effect, that the 1998 amendment to section 61.30(17) extinguished all but two years of the nearly ten-year obligation for child support he had failed to discharge at the time the amendment took effect. But extinguishing or truncating the father's obligation would likewise extinguish or truncate the child's substantive rights. See McMillian v. State, Dep't of Rev., 746 So.2d 1234, 1236 (Fla. 1st DCA 1999) ("[C]hild support is a right which belongs to the child."). Under our precedent, it is clear that enacting, then amending, section 61.30(17), Florida Statutes, did not diminish any right to past child support that was already in existence:
Although laches sometimes barred such claims, depending upon the underlying circumstances, public policy precluded a parent from avoiding his or her obligation of support for a minor child. See [Fowhand v. Piper, 611 So.2d 1308, 1312 (Fla. 1st DCA 1992)]. This is because child support is a right which belongs to the child. See Imami v. Imami, 584 So.2d 596 (Fla. 1st DCA 1991). Support is a dual obligation owed by both biological parents to their child from the moment of the child's birth. See Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). See also State, Department of Revenue ex rel. Carbonara [Carbonaro] v. Carbonaro, 712 So.2d 1225 (Fla. 2d DCA 1998) ("A child support order . . . is never retroactive in the sense that it imposes a duty to pay for a period prior to a time when the legal and moral obligation existed.").
"The general rule [of statutory construction] is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively." See Life Care Centers v. Sawgrass Care Center, 683 So.2d 609, 613 (Fla. 1st DCA 1996), quoting State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995). "Statutes that relate only to procedure or remedy generally apply to all pending cases," but a substantive law that interferes with vested rights will not be applied retrospectively. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 477 (Fla.1995). Substantive statutes either create or impose a new obligation or duty, or impair or destroy existing rights. See Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). Consequently, an act designed to serve a remedial purpose will not be applied retroactively, when it is clear that doing so "would attach new legal consequences to events completed before its enactment." See Arrow Air, Inc. v. Walsh, 645 So.2d *1258 422, 425 (Fla.1994). See also Hassen v. State Farm Mutual Automobile Insurance Co., 674 So.2d 106, 108 (Fla. 1996)(court will not divine intent that new law be applied to disturb existing duties when there is no express indication that such is legislature's intent). Accord Heberle v. P.R.O. Liquidating Company, 186 So.2d 280, 282 (Fla. 1st DCA 1966).
Id., at 1236-37. Accord Horn v. Fla. Dep't of Rev., 752 So.2d 687, 688 (Fla. 3d DCA 2000) ("Under common law, a child was entitled to support retroactive to the date of birth. . . . Hence, by adopting subsection 17, the legislature withdrew or curtailed this right. . . . Such a statute should not be retroactively applied."). Contra Gore v. Peck, 800 So.2d 273, 274-75 (Fla. 2d DCA 2001) (enforcing two-year limitation without analysis, but stating: "This court, and others, have adhered to the often-stated principle that . . . the mere passage of time . . . [does not] excuse[] a parent from child support obligations.").
"Prior to [enactment of section 61.30(17)], child support could be made retroactive to the date of the child's birth, without regard to the intervening years between the date of the child's birth and [any prior] determination that such support was due." McMillian, 746 So.2d at 1236-37 ("Because the amendment to section 61.30(17) limits a child's right to past parental support, the amendment is primarily substantive in nature and thus may not receive [or should not be construed to have] retroactive application."). Section 61.30(17), Florida Statutes, now provides:
In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition. . . .
§ 61.30(17), Fla. Stat. (2005). As originally adopted, this provision read: "[T]he court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child[.]" Ch. 97-170, § 11, at 3222, Laws of Fla. See Horn, 752 So.2d at 688 ("The original enactment of subsection 17 significantly curtailed existing common law rights. . . . Subsection 17 permits the trial court to award child support retroactive to `the date when the parents did not reside together.' § 61.30(17), Fla. Stat. (1997). This may or may not be the child's date of birth.") (citations omitted).
The Legislature later added the language on which appellant relies, providing, effective July 1, 1998, that any award of past child support could not "exceed a period of 24 months preceding the filing of the petition." Ch. 98-397, § 11, at 3030, Laws of Fla. Our decision in McMillian expressly addressed this 24-month limitation, the same limitation at issue in the present case. 746 So.2d at 1236-37.
We decline Mr. Morris's invitation to turn our backs on the holding in McMillian. The decision in McMillian was but a specific application of the general rule that "an amendment to a statute of limitations cannot [and should certainly not ordinarily be construed to] extinguish an existing claim, [although such an amendment] can, consistent with due process, shorten the limitation period applicable to the prior claim if the intent to make the amendment retroactive is clearly expressed, and if a reasonable time is allowed within which to seek enforcement [of the existing claim, before it is cut off.]" Polk County BOCC *1259 v. Special Disability Trust Fund, 791 So.2d 581, 583 (Fla. 1st DCA 2001).
It is immaterial that Ms. Swanson's petition was filed some months after the amendment took effect, while the petition seeking child support in McMillian was already pending by the time the amendment took effect. See 746 So.2d at 1236. We do not find obiter dicta suggesting the contrary persuasive. See Houston v. Maglio, 845 So.2d 971, 972 n. 2 (Fla. 4th DCA 2003); Dep't of Rev. v. Lovins, 798 So.2d 891, 892 (Fla. 4th DCA 2001); Johns v. Richards, 717 So.2d 1103, 1103-04 (Fla. 4th DCA 1998).
The child's substantive right to her father's support antedated the filing of the mother's petition for support. Id. at 1236-37 (citing State, Dep't of Rev. v. Carbonaro, 712 So.2d 1225, 1227 (Fla. 2d DCA 1998) ("A child support order . . . is never retroactive in the sense that it imposes a duty to pay for a period prior to a time when the legal and moral obligation existed.")). Accord Girten v. Andreu, 698 So.2d 886, 888 (Fla. 3d DCA 1997).
The child's needs, the father's obligation and the mother's claim (on behalf of the child) arose when the child was born, and continued seriatim thereafter, giving rise to rights that were in existence by the time section 61.30(17) was enacted, and remained intact when it was amended. See McMillian, 746 So.2d at 1236 ("Support is a dual obligation owed by both biological parents to their child from the moment of the child's birth.").
This is not to say that the statutory amendments cannot operate prospectively to limit recovery for child support as to obligations accruing after July 1, 1997 (to support for the period beginning on the date when the parents did not reside together), or after July 1, 1998 (to support for the period beginning two years before a petition seeking an initial determination of support is filed, even if the parents ceased residing together at an earlier date). Under McMillian, however, "[b]ecause the amendment to section 61.30(17) limits a child's right to past parental support, the amendment . . . may not receive retroactive application," although laches (which were neither pleaded below nor argued on appeal here) may, as we noted in McMillian, sometimes bar "such claims, depending upon the underlying circumstances." 746 So.2d at 1236-37.
Affirmed.
KAHN and LEWIS, JJ., concur.