IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF REVENUE
O/B/O SAKEENA A. GAINES,

      Appellant,

 v.                                     Case No. 5D17-3278

QUINN A. CURTIS,

      Appellee.

_____/

Opinion filed June 1, 2018

Appeal from the Circuit Court
for Lake County,
Mark A. Nacke, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carrie R. McNair,
Assistant Attorney General, Tallahassee,
for Appellant, Department of Revenue.

No Appearance for Appellee.

PER CURIAM.

      The Department of Revenue (Department) appeals the denial of its petition to enforce an administrative support order that required Quinn A. Curtis (Father) to pay child support to the Department for the benefit of his son, Q.A.C. The trial court denied the petition because Sakeena A. Gaines (Mother) was not present at the hearing. The Department argues that because this is a Title IV-D child support case, it serves as

Mother's attorney in fact and, further, that Mother's testimony was not required to enforce the existing administrative support order. We agree and reverse.

In Title IV-D of the Social Security Act, Congress required states choosing to participate in the Temporary Assistance for Needy Families (TANF) federal welfare block grant to provide assistance to custodial parents, whether the parent is receiving TANF assistance or not, in obtaining and enforcing child support orders against noncustodial parents. 42 U.S.C. §§ 651-669 (2017); § 409.2563(1)(f), Fla. Stat. (2017); Dep't of Rev. v. McLeod, 96 So. 3d 443, 446 (Fla. 1st DCA 2012). Florida opted into TANF and designated the Department to provide assistance to custodial parents in obtaining and enforcing child support orders. § 409.2557(1), Fla. Stat. (2017); McLeod, 96 So. 3d at 446 (citing § 409.2557(1), Fla. Stat. (2012)). A child support case becomes a Title IV-D case for which the Department has enforcement responsibilities in two situations: (1) "when either party or the child is receiving public assistance" or (2) "when the obligor has failed to make support payments and [the Department] is called upon by the custodial parent to assist in enforcing a child support order." McLeod, 96 So. 3d at 448. This case involves the second situation. As such, the Department has the authority to enforce and collect Title IV-D support obligations and then disburse them to the custodial parent. §§ 409.2557(2), 409.2558(1) Fla. Stat. (2017).

The Department is considered a party to the enforcement action "only for those purposes allowed under Title IV-D of the Social Security Act," and the Department's attorney is the attorney of record "solely for the purposes of support enforcement as authorized under Title IV-D." § 409.2564(5), Fla. Stat. (2017) (footnotes omitted). Although the Department's attorney represents the agency and not the custodial parent,

2

see § 409.2564(5), Fla. Stat. (2017), a recipient of public assistance, whether financial or in the form of assistance in obtaining or enforcing the support order, "appoints the department as her or his attorney in fact to act in her or his name, place, and stead to perform specific acts relating to the . . . enforcement of support obligations, including, but not limited to . . . [p]ursuing civil and criminal enforcement of support obligations . . . ." § 409.2561(2)(b)4., Fla. Stat. (2017).

In this case, the petitioner was the Department acting on Mother's behalf to enforce the administrative order. Mother was not listed as a party. The Department collects the child support payments directly from Father for disbursement to Mother. §§ 409.2557(2), 409.2558(1), Fla. Stat. (2017). While the statute is clear that the Department's attorney represents only the agency and not Mother, this is not material because the Department is Mother's attorney in fact for purposes of enforcing the administrative child support order. §§ 409.2561(2)(b), 409.2564(5), Fla. Stat. (2017); see also Fla. Fam. L. R. P. 12.040(c)(2) (requiring notice to custodial parent in Title IV-D support cases that Department's attorney represents only Department and "may only address issues concerning determination of paternity, and establishment, modification, and enforcement of support obligations").

Indeed, all the Department was seeking here was an order from the circuit court enforcing the administrative support order. See § 409.2563(10)(b), Fla. Stat. (2017). At most, all that was required for this order was evidence that Father was not paying the child support and the administrative support order. See id. As the Department collected the child support directly from Father, Mother would not have been able to testify concerning Father's nonpayment of the child support. Thus, while Mother's testimony

3

would have been necessary to establish or modify the child support award, see Johns v. Richards, 717 So. 2d 1103, 1105 (Fla. 4th DCA 1998) (citing Finley v. Scott, 707 So. 2d 1112, 1118 (Fla. 1998)), there was no need for her testimony in the enforcement action. Therefore, because Mother was not a party to the petition and her testimony was not required to enforce the administrative child support order, we reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EVANDER, BERGER and WALLIS, JJ., concur.